## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
                                     )

      Plaintiffs, )

                                      )        CV-05- _2763_

-vs- )

KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
                                      )

      Defendants. )

### CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS UPON THE FOLLOWING DEFENDANTS:

**KANSAS CITY LIFE INSURANCE COMPANY**
**The National Registered Agent**
**150 S. Perry Street**
**Montgomery, AL 36104**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's Attorney.

**EXHIBIT**
**A**

LYNN W. JINKS, III
CHRISTINA D. CROW
NATHAN A. DICKSON
JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, AL  36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*


The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

11-10-05
_____
DATE

_____
CIRCUIT CLERK

By: _____


**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 2890 0000 1192 5808

Sent To
Kansas City Life Insurance Company
Street, Apt. No.; or PO Box No.  The National Registered Agent
150 S. Perry Street
City, State, ZIP+4  Montgomery, AL  36104

PS Form 3800, June 2002          See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JAMES A. SMITH and<br>JEANETTE H. SMITH, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| -vs- | )<br>) |
| KANSAS CITY LIFE INSURANCE COMPANY,<br>GUIDE ONE INSURANCE COMPANY, THE<br>GUIDANT INSURANCE GROUP, GUIDANT<br>LIFE INSURANCE COMPANY, PREFERRED<br>RISK LIFE INSURANCE COMPANY, ANNE F.<br>WATKINS, JIM McCAFFERTY and A, B, C, D,<br>E, F, and G, said fictitious parties being those<br>persons, firms, corporations or other entities who<br>or which acted either as principal or agent of or<br>for any of the named Defendants with regard to<br>the conduct complained of in this Complaint<br>and/or who or which are the legal successors in<br>interest to any of the named Defendants and/or<br>who or which caused or contributed to cause the<br>damages complained of by the Plaintiffs in this<br>case, all of whose identities are unknown to the<br>Plaintiffs at this time, but which will be<br>substituted by Amendment when ascertained, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

CV-05- 2763

2005 NOV -7  AM 10:36
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

## CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS UPON THE FOLLOWING DEFENDANTS:

**GUIDANT LIFE INSURANCE COMPANY**
**Ronnie Sullivan**
**2100 Riverchase Center, Building 100, Ste. 100**
**Birmingham, AL 35244**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's Attorney.

LYNN W. JINKS, III
CHRISTINA D. CROW
NATHAN A. DICKSON
JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, AL 36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL 36102-2389
(334) 263-2560
(334) 264-2658 *fax*

The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint. You must also file the original of your Answer with the Clerk of this Court.

_11-10-05_                 _M. Delissa Pittenaw_              By: _LD_
DATE                              CIRCUIT CLERK

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 2890 0000 1192 5785

Sent To  Guidant Life Insurance Company
         Ronnie Sullivan
Street, Apt. No.; or PO Box No.  2100 Riverchase Center, Bldg.100,
                                                                Ste. 100
City, State, ZIP+4  Birmingham, AL  35244

PS Form 3800, June 2002                    See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and                    )
JEANETTE H. SMITH,                    )
                                      )
    Plaintiffs,                    )
                                      )
-vs-                                  )          CV-05- **2763**
                                      )
KANSAS CITY LIFE INSURANCE COMPANY,   )
GUIDE ONE INSURANCE COMPANY, THE      )
GUIDANT INSURANCE GROUP, GUIDANT      )
LIFE INSURANCE COMPANY, PREFERRED     )
RISK LIFE INSURANCE COMPANY, ANNE F.  )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint   )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be     )
substituted by Amendment when ascertained,   )
                                      )
    Defendants.                    )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 NOV -7 AM 10: 36

### CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS
UPON THE FOLLOWING DEFENDANTS:

       **GUIDE ONE INSURANCE COMPANY**
           **Ronnie Sullivan**
 **2100 Riverchase Center, Building 100, Ste. 100**
         **Birmingham, AL  35244**

The Complaint which is attached to this Summons is important and you must take
immediate action to protect your rights.  You or your attorney are required to mail or
hand deliver a copy of a written Answer, either admitting or denying each allegation in
the Complaint to the Plaintiff's Attorney.

LYNN W. JINKS, III
CHRISTINA D. CROW
NATHAN A. DICKSON
JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, AL  36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*

The Answer must be mailed or delivered within 30 days after the Summons and
Complaint were delivered to you or a judgment by default may be entered against you for
the money or other things demanded in this Complaint.  You must also file the original of
your Answer with the Clerk of this Court.

11-10-05
DATE

_Melissa Pittman_
CIRCUIT CLERK

By _LW_



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7004 2890 0000 1192 5792

Sent To  Guide One Insurance Company
Street, Apt. No.; Ronnie Sullivan
or PO Box No. 2100 Riverchase Ctr., Bldg.100,
City, State, ZIP+4                              Ste.100
         Birmingham, AL  35244

PS Form 3800, June 2002                    See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
)
    Plaintiffs, )
)
-vs- )   CV-05- 2763
)
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
)
    Defendants. )

*FILED CIRCUIT COURT OF MONTGOMERY COUNTY 2005 NOV -7 AM 10:36*

### CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS UPON THE FOLLOWING DEFENDANTS:

**THE GUIDANT INSURANCE GROUP**  D4
**Ronnie Sullivan**
**2100 Riverchase Center, Building 100, Ste. 100**
**Birmingham, AL  35244**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.  You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's Attorney.

**LYNN W. JINKS, III**
**CHRISTINA D. CROW**
**NATHAN A. DICKSON**
**JINKS, DANIEL & CROW, P.C.**
**POST OFFICE BOX 350**
**UNION SPRINGS, AL  36089**
**(334) 738-4225**
**(334) 738-4229**


**FRANK M. WILSON**
**FRANK M. WILSON, P.C.**
**P. O. BOX 2389**
**MONTGOMERY, AL  36102-2389**
**(334) 263-2560**
**(334) 264-2658** *fax*


The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

11-10-05
DATE

Melissa Pittman
CIRCUIT CLERK

By: _____

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 2890 0000 1192 5761

Sent To   The Guidant Insurance Group
          Ronnie Sullivan
Street, Apt. No.;  2100 Riverchase Ctr.,Bldg.100,
or PO Box No.                                Ste.100
City, State, ZIP+4
          Birmingham, AL 35244

PS Form 3800, June 2002                See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
)
    Plaintiffs, )
)
-vs- )    CV-05-_2763_
)
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
)
    Defendants. )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 NOV -7  AM 10: 36

## CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS
UPON THE FOLLOWING DEFENDANTS:

**PREFERRED RISK LIFE INSURANCE COMPANY** 
**Ronnie Sullivan**
**2100 Riverchase Center, Building 100, Ste. 100**
**Birmingham, AL  35244**

The Complaint which is attached to this Summons is important and you must take
immediate action to protect your rights.  You or your attorney are required to mail or
hand deliver a copy of a written Answer, either admitting or denying each allegation in
the Complaint to the Plaintiff's Attorney.

LYNN W. JINKS, III
THERESA J. DANIEL
CHRISTINA D. CROW
JINKS, DANIEL & CROW, L.L.C.
POST OFFICE BOX 350
UNION SPRINGS, AL 36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL 36102-2389
(334) 263-2560
(334) 264-2658 *fax*


The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint. You must also file the original of your Answer with the Clerk of this Court.

11-10-05
DATE

CIRCUIT CLERK

By: _____

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Preferred Risk Life Insurance Co.
Street, Apt. No.; or PO Box No. Ronnie Sullivan
2100 Riverchase Ctr. Bldg. 100
City, State, ZIP+4
Birmingham, AL 35244    Ste. 100

7004 2890 0000 1192 5815

PS Form 3800, June 2002          See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JAMES A. SMITH and<br>JEANETTE H. SMITH, | )<br>)<br>) |
|     Plaintiffs, | )<br>) |
| -vs- | )<br>)<br>) |
| KANSAS CITY LIFE INSURANCE COMPANY,<br>GUIDE ONE INSURANCE COMPANY, THE<br>GUIDANT INSURANCE GROUP, GUIDANT<br>LIFE INSURANCE COMPANY, PREFERRED<br>RISK LIFE INSURANCE COMPANY, ANNE F.<br>WATKINS, JIM McCAFFERTY and A, B, C, D,<br>E, F, and G, said fictitious parties being those<br>persons, firms, corporations or other entities who<br>or which acted either as principal or agent of or<br>for any of the named Defendants with regard to<br>the conduct complained of in this Complaint<br>and/or who or which are the legal successors in<br>interest to any of the named Defendants and/or<br>who or which caused or contributed to cause the<br>damages complained of by the Plaintiffs in this<br>case, all of whose identities are unknown to the<br>Plaintiffs at this time, but which will be<br>substituted by Amendment when ascertained, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|     Defendants. | )<br>) |

CV-05- 2763

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 NOV -7  AM 10: 36

### CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS UPON THE FOLLOWING DEFENDANTS:

> **ANNE F. WATKINS**
> **3577 Hwy. 14**
> **Millbrook, AL  36054**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.  You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's Attorney.

LYNN W. JINKS, III
CHRISTINA D. CROW
NATHAN A. DICKSON
JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, AL  36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*


The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

11-10-05
DATE

_Melissa Bittman_
CIRCUIT CLERK

By: _____

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To
  Anne F. Watkins
Street, Apt. No.;
or PO Box No.  3577 Hwy. 14
City, State, ZIP+4
  Millbrook, AL   36054

PS Form 3800, June 2002          See Reverse for Instructions

7004 2890 0000 1192 5822

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
                       )
       Plaintiffs, )
                       )
-vs- )     CV-05- 2763
                       )
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
                       )
       Defendants. )

*2005 NOV -7 AM 10: 36*
*FILED*
*CIRCUIT COURT OF*
*MONTGOMERY COUNTY*

## CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS
UPON THE FOLLOWING DEFENDANTS:

**JIM McCAFFERTY**
**P. O. Box 210878**
**Montgomery, AL  36121**

The Complaint which is attached to this Summons is important and you must take
immediate action to protect your rights.  You or your attorney are required to mail or
hand deliver a copy of a written Answer, either admitting or denying each allegation in
the Complaint to the Plaintiff's Attorney.

LYNN W. JINKS, III
CHRISTINA D. CROW
NATHAN A. DICKSON
JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, AL  36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*

The Answer must be mailed or delivered within 30 days after the Summons and
Complaint were delivered to you or a judgment by default may be entered against you for
the money or other things demanded in this Complaint.  You must also file the original of
your Answer with the Clerk of this Court.

11-10-05
_____
DATE

_____
CIRCUIT CLERK

By: _____

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7004 2890 0000 1192 5839

Sent To
Jim McCafferty
Street, Apt. No.;
or PO Box No.   P. O. Box 210878
City, State, ZIP+4
Montgomery, AL   36121

PS Form 3800, June 2002          See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
         )
        Plaintiffs, )
         )
         )
-vs- )        CV-05- 2763
         )
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
         )
        Defendants. )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 NOV -7 AM 10: 36

## COMPLAINT

### PARTIES AND JURISDICTION

1.    Plaintiffs are James A. Smith and Jeanette H. Smith, both adult resident citizens of the State of Alabama whose address is 200 Foxchase Drive, Pike Road, Alabama, 36064.

2.    Defendant Kansas City Life Insurance Company is a life insurance company whose home office is in Kansas City, Missouri. The address of this Defendant for service is The National Registered Agent, 150 S. Perry St., Montgomery, AL 36104. At

all times pertinent hereto this Defendant was doing business in Montgomery County, Alabama and has insurance policies in effect in Montgomery County, Alabama.

3.    Defendant Guide One Insurance Company is an insurance company whose address for service is c/o Ronnie Sullivan, 2100 Riverchase Center, Building 100, Ste. 100, Birmingham, AL 35244. At all pertinent times this Defendant was doing business in Montgomery County, Alabama and had insurance policies in effect in Montgomery County, AL.

4.    Defendant The Guidant Insurance Group is an insurance company whose address for service is believed by the Plaintiffs to be c/o Ronnie Sullivan, 2100 Riverchase Center, Building 100, Ste. 100, Birmingham, Alabama 35244. On knowledge, information and belief, Plaintiffs assert that this Defendant, at all pertinent times, was doing business in Montgomery County, Alabama and had insurance policies in effect in Montgomery County, Alabama.

5.    Defendant Guidant Life Insurance Company is believed by the Plaintiffs to be an insurance company whose service address is c/o Ronnie Sullivan, 2100 Riverchase Center, Building 100, Ste. 100, Birmingham, AL 35244. On knowledge, information and belief, Plaintiffs assert that at all pertinent times this Defendant was doing business in Montgomery County, Alabama and had policies of insurance in effect in Montgomery County, Alabama.

6.    Defendant Preferred Risk Life Insurance Company is an insurance company whose service address is believed to be c/o Ronnie Sullivan, 2100 Riverchase Center, Building 100, Ste. 100, Birmingham, AL 35244. At all pertinent times this Defendant had policies of insurance in effect in Montgomery County, Alabama and was doing business in Montgomery County, Alabama. The Defendants identified in paragraphs 2-6 of this

Complaint may be referred to hereafter, collectively, as "The Insurance Company Defendants."

7.    Defendant Anne F. Watkins is an adult resident citizen of the State of Alabama whose address is 3577 Hwy. 14, Millbrook, Alabama 36054. At all pertinent times this Defendant was acting as an agent of all the other Defendants within the course and scope of her agency or employment.

8.    Defendant Jim McCafferty is an adult resident citizen of the State of Alabama whose address is P. O. Box 210878, Montgomery, Alabama 36121. At all pertinent times this Defendant was acting as an agent or employee of the Defendants identified in paragraphs 2 through 6 of this Complaint within the course and scope of his employment or agency. This Defendant, at all pertinent times, was also the supervisor of the Defendant Anne F. Watkins.

9.    The insurance company Defendants identified in paragraphs two through six of this Complaint are either the same entity, alter egos of and for each other, agents of and for each other, or the successor in interest to each other. All of these insurance company Defendants are responsible for the wrongful acts complained of in this Complaint.

10.    The fictitious Defendants A, B, C, D, E, F and G are those persons, firms, corporations or other entities who either acted as principal or agent of any of the named Defendants with regard to the conduct complained of in this case and/or who are the legal successors in interest of any of the named Defendants, and/or whose wrongful acts or missions caused or contributed to the damages complained of by the Plaintiffs in this

3

case. The identities of these fictitious parties are not known to the Plaintiffs at this time, but will be substituted by Amendment when ascertained.

11.    The wrongful acts complained of in this case occurred in Montgomery County, Alabama.

12.    Certain of Plaintiffs' factual and legal allegations may be made in the alternative as allowed by the Alabama Rules of Civil Procedure.

13.    Plaintiffs do not assert any claim, cause of action, or right which arises under the laws or Constitution of the United States of America. This action is brought solely under and pursuant to the laws of the State of Alabama.

## FACTUAL ALLEGATIONS

14.    In 1991, Plaintiff James A. Smith had in force and effect two insurance policies with the Defendant Preferred Risk, being policies numbered 5016848 and policy number 5011776 respectively. Mr. Smith had had these policies for a number of years and they had built up a substantial cash value.

15.    In 1991, the Plaintiffs were approached by Defendant McCafferty with regard to the purchase of additional insurance. At all pertinent times McCafferty was the supervisor of Watkins, who was the selling agent of the insurance policy which is the subject of this case. McCafferty and Watkins, in all of their dealings with the Plaintiffs, were acting as agents of and on behalf of the insurance company defendants.

16.    Defendants recommended to the Plaintiffs that they buy flexible premium adjustable life insurance policies. They explained to the Plaintiffs that this type of policy was better than the traditional whole life policy, that it could provide a higher death benefit for a lower premium and that it would build up value more rapidly. Defendants ty

4

showed to the Plaintiffs written illustrations demonstrating the performance of the policies which they were recommending.

17.    Defendants also recommended to the Plaintiffs that Mr. Smith "roll over" his existing whole life policies into the new flexible premium adjustable life policy. They explained that this would also be in his best interest.

18.    Relying on the advice of Defendants the Plaintiffs agreed to buy the recommended flexible premium adjustable life insurance policies and rolled over the values in Mr. Smith's existing policies to his new policies.

19.    As a part of their marketing presentation relating to the flexible premium adjustable life policies, Defendants assured the Plaintiffs that the premiums would remain constant over the period of their lifetimes and that the Plaintiffs would have the death benefit of these policies available to them at their death, no matter how long they lived, so long as they continued to pay premiums on these policies. The Plaintiffs believed the representations made by Defendants and relied on these representations in deciding to take out and pay for the flexible premium adjustable life policies, being policy numbers 5776395 and 579551, respectively.

20.    The representations made by Defendants were untrue. It was well known in 1991 to insurance companies and insurance company agents that flexible premium adjustable life insurance policies are not appropriate for people who want to have a permanent life insurance plan. This is true because, while these policies can yield a higher death benefit for a lower premium during the early years, when the policy holders are relatively young, they routinely and frequently will require much larger premiums as the insureds become older. This is because the mortality costs and other costs associated

5

with the policies tend to increase dramatically as the insureds reach old age. The policies sold to the Plaintiffs will not last for their entire lives, at the scheduled premium amount, assuming the Plaintiffs have a normal life expectancy.

21.     Defendants also concealed and deceived from the Plaintiffs the fact that replacing a whole life policy with a flexible premium adjustable life policy is almost always not in the best interest of the insured but, to the contrary, results in the loss of value to the insured to the benefit of the company and its agents.

22.     The marketing of these flexible premium adjustable life policies by these insurance company defendants and its agents was simply a way that the agents and the companies could deceive existing policy holders into buying a product which is less appropriate and very risky, thus adding to the profit of the agents and the insurance companies at the expense of their customers and insured.

23.     At all pertinent times hereto the Defendants purported to be acting in the best interest of the Plaintiffs, they held themselves out to the Plaintiffs as experts in the area of insurance and made the Plaintiffs believe that they were acting as advisors or consultants for the Plaintiffs, to help them devise a life insurance program that would be in their best interest for the rest of their lives.

24.     The Plaintiffs, at all pertinent times, had very little experience with insurance, had never received any formal training or education regarding life insurance products and were completely at the mercy of the Defendants when it came to evaluating various life insurance products.

25.     Conversely, the knowledge of the Defendants regarding the products being discussed was vastly superior to that of the Plaintiffs. The Defendants knew, or should

have known, all the risks inherent in replacing whole life insurance policies with flexible premium adjustable life insurance policies. The Defendants also knew or should have known that the flexible premium adjustable life insurance type policy is extremely risky and inappropriate for people who wish to have a permanent insurance plan. As a result, a fiduciary relationship was created between the Defendants and the Plaintiffs.

26.    Periodically, after the purchase of these flexible premium adjustable life policies, the insurance company Defendants would send to the Plaintiffs an annual statement. However, these annual statements only illustrated the performance of these policies to age 65, thus compounding and continuing the deception that they had initially inflicted on the Plaintiffs.

27.    If the Plaintiffs had known the truth they would never have taken out the flexible premium adjustable life insurance policies described above. They would not have paid their money for these policies and they would have developed a more appropriate and permanent plan of insurance at a younger age, when they could afford to do so.

28.    In April, 2005 the Plaintiffs received correspondence from the Defendant Kansas City Life Insurance Company which, for the first time, indicated that these policies might lapse before the death of the Plaintiffs. The Plaintiffs immediately wrote to Defendant Kansas City Life Insurance Company asking for a clarification. Kansas City Life Insurance Company wrote back to the Plaintiffs, and in a letter dated June 29, 2005 said: "First, let me explain how your policies work." Thereafter, in this letter, Kansas City told the Plaintiffs the truth about what they had bought. This was the first time that the Plaintiffs had ever received this explanation, information that should have

been given to them in the initial marketing discussions in 1991, but which was not. Upon further inquiry, the Plaintiffs were told that by the Defendants that the premium payment on Mr. Smith's policy would have to be increased from the original scheduled premium of $83.48 per month to $224.61 per month; and that the premium payment on Ms. Smith's policy would have to be increased from the original scheduled premium of $64.27 to $103.91 per month. They were told that these increases were necessary to insure that these policies would not lapse before the maturity date. The Plaintiffs are not able to afford these increases; however, they have increased their premium payments to $167.00 monthly for Mr. Smith's policy and $100.00 per month for Ms. Smith's policy.

29.    As a result of the wrongful acts of the Defendants, the Plaintiffs have been injured and damaged. They have expended large sums of money for insurance policies that were not what was promised. They have lost the use of their money. They have been required to go out and search for other insurance which would be more appropriate, but cannot afford to now that they are older. They have had to dramatically increase their premiums in the hopes that their existing policies will not lapse when they reach old age. They have been caused worry, aggravation, upset and mental anguish. They have been otherwise injured and damaged.

<u>**COUNT I – MISREPRESENTATION**</u>

30.    Plaintiffs re-allege paragraphs 1-29 of the Complaint as if set out here in full.

31.    Defendants made material misrepresentations to the Plaintiffs to induce them to purchase the above-described policies of insurance.

32.    These statements were false.

8

33.    These misrepresentations were made innocently, mistakenly, recklessly or intentionally.

34.    To the extent those representations were made recklessly or intentionally, the actions of these Defendants are such as to allow the imposition of punitive damages to punish these Defendants and deter others similarly situated from such conduct in the future.

35.    Plaintiffs relied on said misrepresentations in making their decision to purchase the flexible premium adjustable life insurance policies described above.

36.    As a result of these misrepresentations, the Plaintiffs were injured and damaged as set out above.

## COUNT II – FRAUDULENT SUPPRESSION

37.    Plaintiffs re-allege paragraphs 1-36 of the Complaint as if set out here in full.

38.    Defendants were under a duty to disclose facts to Plaintiffs that were material to their decision to purchase these insurance policies.

39.    These Defendants innocently, negligently, recklessly or intentionally suppressed material facts from the Plaintiffs, including, but not limited to the following: that the products being offered might not last their entire lives based on the scheduled premium and that it would not be in their best interest to roll over values in existing whole life insurance policies to acquire these new policies.

40.    Plaintiffs would not have purchased the insurance policies or paid Defendants any money if they had known the true facts.

9

41.    To the extent that these Defendants acted recklessly or intentionally, their conduct was such as to allow the imposition of punitive damages to punish these Defendants and deter those similarly situated from such conduct in the future.

42.    As a result of the fraudulent suppression of these Defendants, Plaintiffs were injured and damaged as set out above.

## COUNT III – BREACH OF FIDUCIARY DUTY

43.    Plaintiffs re-allege paragraphs 1-42 of the Complaint as if set out here in full.

44.    The Defendants agreed to assist the Plaintiffs and advise them correctly and properly with regard to matters of insurance and financial planning.

45.    These Defendants owed to the Plaintiffs a fiduciary duty.

46.    These Defendants have breached that fiduciary duty by their actions described above.

47.    To the extent that the actions of these Defendants were reckless or intentional, their conduct is such as to allow the imposition of punitive damages to punish these Defendants and deter those similarly situated from such conduct in the future.

48.    As a result of the breach of fiduciary duty of these Defendants, Plaintiffs were injured and damaged as set out above.

## COUNT IV – NEGLIGENCE

49.    Plaintiffs re-allege paragraphs 1-48 of the Complaint as if set out here in full.

50.    The Defendants owed to the Plaintiffs a duty to use reasonable care in advising them in connection with purchasing life insurance.

10

51.    The Defendants breached those duties and Plaintiffs were damaged as a proximate result thereof.

## COUNT V – WANTONESS

52.    Plaintiffs re-allege paragraphs 1-51 of the Complaint as if set out here in full.

53.    The Defendants owed to the Plaintiffs a duty to use reasonable care in advising them regarding insurance products which they were considering and which they ultimately purchased.

54.    The Defendants wantonly breached that duty and Plaintiffs were damaged as a result.

55.    Plaintiffs claim punitive damages in this Count.

## COUNT VI – NEGLIGENT AND/OR WANTON SUPERVISION

56.    Plaintiffs re-allege paragraphs 1-55 of the Complaint as if set out here in full.

57.    At all times pertinent hereto, Agents Watkins and McCafferty were working as licensed agents for the insurance company Defendants and working under the dominion, control, supervision of and for these insurance company Defendants.    In addition, Defendant Watkins was working under the supervision, control and training of Defendant McCafferty.

58.    The insurance company Defendants negligently and/or wantonly trained, hired and supervised Watkins and McCafferty and McCafferty negligently and/or wantonly hired, trained and supervised Defendant Watkins such that all were allowed to

participate in the fraudulent acts and schemes and other wrongful acts described in this Complaint with regard to the sale of these life insurance policies to the Plaintiffs.

59.     As a direct and proximate result of the negligent and/or wanton supervision of the Defendants, Plaintiffs were injured and damaged as set out above.

60.     To the extent that these acts were wanton, the Plaintiffs claim punitive damages.

## COUNT VII – CONSPIRACY TO DEFRAUD

61.     Plaintiffs re-allege paragraphs 1-60 of the Complaint as if set out here in full.

62.     The Defendants agreed to combine, act in concert or otherwise conspire to defraud Plaintiffs and others of money by fraudulently and deceitfully concealing the nature and benefits, or lack thereof, of the products they were selling.  In furtherance of this conspiracy, the Defendants made reckless, negligent or innocent misrepresentations.

63.     Each of the Defendants took actions on behalf of the conspiracy, including but not limited to those actions previously described in this Complaint.

64.     All of the Defendants received financial gain from the conspiracy.

65.     Defendants divided the funds paid by the Plaintiffs and others.

66.     The actions of the Defendants to further the fraudulent conspiracy were such as to allow the imposition of punitive damages to punish these Defendants and deter others similarly situated from such conduct in the future.

67.     The conduct of Defendants in the furtherance of the fraudulent conspiracy was part of a pattern and practice of intentional wrongful conduct.

68.     Plaintiffs were damaged as a result of the fraudulent conspiracy.

12

WHEREFORE, the premises considered, the Plaintiffs demand judgment against all Defendants as follows:

A.    In such an amount of compensatory damages for the Plaintiffs as will reasonably and adequately compensate them for their injuries and damages;

B.    In such an amount of punitive damages for the Plaintiffs as will reflect the enormity of the wrongs committed by these Defendants and will deter these Defendants and others from committing similar wrongful acts in the future;

C.    Such other relief as the Court may find appropriate;

D.    Prejudgment interest and Court costs.

Lynn W. Jinks, III    JIN002
Attorney for Plaintiffs

Christina D. Crow    CRO064
Attorney for Plaintiffs

Nathan A. Dickson, II    DIC031
Attorney for Plaintiffs

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
P. O. Box 350
Union Springs, AL  36089
(334) 738-4225
(334) 738-4229 *fax*

Frank M. Wilson
Attorney for Plaintiffs

OF COUNSEL:

13

Frank M. Wilson, P.C.
P. O. Box 2389
Montgomery, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.

OF COUNSEL