# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
                             )
        Plaintiffs, )
                             )        CV-05- **2763**
-vs- )
                             )
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
                             )
        Defendants. )

*2005 NOV -7  AM 10: 36*

*FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY*

## COMPLAINT

## PARTIES AND JURISDICTION

1.    Plaintiffs are James A. Smith and Jeanette H. Smith, both adult resident

citizens of the State of Alabama whose address is 200 Foxchase Drive, Pike Road,

Alabama, 36064.

2.    Defendant Kansas City Life Insurance Company is a life insurance

company whose home office is in Kansas City, Missouri. The address of this Defendant

for service is The National Registered Agent, 150 S. Perry St., Montgomery, AL 36104. At



EXHIBIT
B

all times pertinent hereto this Defendant was doing business in Montgomery County, Alabama and has insurance policies in effect in Montgomery County, Alabama.

    3.    Defendant Guide One Insurance Company is an insurance company whose address for service is c/o Ronnie Sullivan, 2100 Riverchase Center, Building 100, Ste. 100, Birmingham, AL 35244.  At all pertinent times this Defendant was doing business in Montgomery County, Alabama and had insurance policies in effect in Montgomery County, AL.

    4.    Defendant The Guidant Insurance Group is an insurance company whose address for service is believed by the Plaintiffs to be c/o Ronnie Sullivan, 2100 Riverchase Center, Building 100, Ste. 100, Birmingham, Alabama 35244.  On knowledge, information and belief, Plaintiffs assert that this Defendant, at all pertinent times, was doing business in Montgomery County, Alabama and had insurance policies in effect in Montgomery County, Alabama.

    5.    Defendant Guidant Life Insurance Company is believed by the Plaintiffs to be an insurance company whose service address is c/o Ronnie Sullivan, 2100 Riverchase Center, Building 100, Ste. 100, Birmingham, AL 35244.  On knowledge, information and belief, Plaintiffs assert that at all pertinent times this Defendant was doing business in Montgomery County, Alabama and had policies of insurance in effect in Montgomery County, Alabama.

    6.    Defendant Preferred Risk Life Insurance Company is an insurance company whose service address is believed to be c/o Ronnie Sullivan, 2100 Riverchase Center, Building 100, Ste. 100, Birmingham, AL 35244. At all pertinent times this Defendant had policies of insurance in effect in Montgomery County, Alabama and was doing business in Montgomery County, Alabama.  The Defendants identified in paragraphs 2-6 of this

2

Complaint may be referred to hereafter, collectively, as "The Insurance Company Defendants."

7.    Defendant Anne F. Watkins is an adult resident citizen of the State of Alabama whose address is 3577 Hwy. 14, Millbrook, Alabama 36054. At all pertinent times this Defendant was acting as an agent of all the other Defendants within the course and scope of her agency or employment.

8.    Defendant Jim McCafferty is an adult resident citizen of the State of Alabama whose address is P. O. Box 210878, Montgomery, Alabama 36121. At all pertinent times this Defendant was acting as an agent or employee of the Defendants identified in paragraphs 2 through 6 of this Complaint within the course and scope of his employment or agency. This Defendant, at all pertinent times, was also the supervisor of the Defendant Anne F. Watkins.

9.    The insurance company Defendants identified in paragraphs two through six of this Complaint are either the same entity, alter egos of and for each other, agents of and for each other, or the successor in interest to each other. All of these insurance company Defendants are responsible for the wrongful acts complained of in this Complaint.

10.    The fictitious Defendants A, B, C, D, E, F and G are those persons, firms, corporations or other entities who either acted as principal or agent of any of the named Defendants with regard to the conduct complained of in this case and/or who are the legal successors in interest of any of the named Defendants, and/or whose wrongful acts or missions caused or contributed to the damages complained of by the Plaintiffs in this

case. The identities of these fictitious parties are not known to the Plaintiffs at this time, but will be substituted by Amendment when ascertained.

11.    The wrongful acts complained of in this case occurred in Montgomery County, Alabama.

12.    Certain of Plaintiffs' factual and legal allegations may be made in the alternative as allowed by the Alabama Rules of Civil Procedure.

13.    Plaintiffs do not assert any claim, cause of action, or right which arises under the laws or Constitution of the United States of America. This action is brought solely under and pursuant to the laws of the State of Alabama.

## FACTUAL ALLEGATIONS

14.    In 1991, Plaintiff James A. Smith had in force and effect two insurance policies with the Defendant Preferred Risk, being policies numbered 5016848 and policy number 5011776 respectively. Mr. Smith had had these policies for a number of years and they had built up a substantial cash value.

15.    In 1991, the Plaintiffs were approached by Defendant McCafferty with regard to the purchase of additional insurance. At all pertinent times McCafferty was the supervisor of Watkins, who was the selling agent of the insurance policy which is the subject of this case. McCafferty and Watkins, in all of their dealings with the Plaintiffs, were acting as agents of and on behalf of the insurance company defendants.

16.    Defendants recommended to the Plaintiffs that they buy flexible premium adjustable life insurance policies. They explained to the Plaintiffs that this type of policy was better than the traditional whole life policy, that it could provide a higher death benefit for a lower premium and that it would build up value more rapidly. Defendants ty

showed to the Plaintiffs written illustrations demonstrating the performance of the policies which they were recommending.

17.    Defendants also recommended to the Plaintiffs that Mr. Smith "roll over" his existing whole life policies into the new flexible premium adjustable life policy. They explained that this would also be in his best interest.

18.    Relying on the advice of Defendants the Plaintiffs agreed to buy the recommended flexible premium adjustable life insurance policies and rolled over the values in Mr. Smith's existing policies to his new policies.

19.    As a part of their marketing presentation relating to the flexible premium adjustable life policies, Defendants assured the Plaintiffs that the premiums would remain constant over the period of their lifetimes and that the Plaintiffs would have the death benefit of these policies available to them at their death, no matter how long they lived, so long as they continued to pay premiums on these policies. The Plaintiffs believed the representations made by Defendants and relied on these representations in deciding to take out and pay for the flexible premium adjustable life policies, being policy numbers 5776395 and 579551, respectively.

20.    The representations made by Defendants were untrue. It was well known in 1991 to insurance companies and insurance company agents that flexible premium adjustable life insurance policies are not appropriate for people who want to have a permanent life insurance plan. This is true because, while these policies can yield a higher death benefit for a lower premium during the early years, when the policy holders are relatively young, they routinely and frequently will require much larger premiums as the insureds become older. This is because the mortality costs and other costs associated

with the policies tend to increase dramatically as the insureds reach old age. The policies sold to the Plaintiffs will not last for their entire lives, at the scheduled premium amount, assuming the Plaintiffs have a normal life expectancy.

21.    Defendants also concealed and deceived from the Plaintiffs the fact that replacing a whole life policy with a flexible premium adjustable life policy is almost always not in the best interest of the insured but, to the contrary, results in the loss of value to the insured to the benefit of the company and its agents.

22.    The marketing of these flexible premium adjustable life policies by these insurance company defendants and its agents was simply a way that the agents and the companies could deceive existing policy holders into buying a product which is less appropriate and very risky, thus adding to the profit of the agents and the insurance companies at the expense of their customers and insured.

23.    At all pertinent times hereto the Defendants purported to be acting in the best interest of the Plaintiffs, they held themselves out to the Plaintiffs as experts in the area of insurance and made the Plaintiffs believe that they were acting as advisors or consultants for the Plaintiffs, to help them devise a life insurance program that would be in their best interest for the rest of their lives.

24.    The Plaintiffs, at all pertinent times, had very little experience with insurance, had never received any formal training or education regarding life insurance products and were completely at the mercy of the Defendants when it came to evaluating various life insurance products.

25.    Conversely, the knowledge of the Defendants regarding the products being discussed was vastly superior to that of the Plaintiffs. The Defendants knew, or should

have known, all the risks inherent in replacing whole life insurance policies with flexible premium adjustable life insurance policies. The Defendants also knew or should have known that the flexible premium adjustable life insurance type policy is extremely risky and inappropriate for people who wish to have a permanent insurance plan. As a result, a fiduciary relationship was created between the Defendants and the Plaintiffs.

26.    Periodically, after the purchase of these flexible premium adjustable life policies, the insurance company Defendants would send to the Plaintiffs an annual statement. However, these annual statements only illustrated the performance of these policies to age 65, thus compounding and continuing the deception that they had initially inflicted on the Plaintiffs.

27.    If the Plaintiffs had known the truth they would never have taken out the flexible premium adjustable life insurance policies described above. They would not have paid their money for these policies and they would have developed a more appropriate and permanent plan of insurance at a younger age, when they could afford to do so.

28.    In April, 2005 the Plaintiffs received correspondence from the Defendant Kansas City Life Insurance Company which, for the first time, indicated that these policies might lapse before the death of the Plaintiffs. The Plaintiffs immediately wrote to Defendant Kansas City Life Insurance Company asking for a clarification. Kansas City Life Insurance Company wrote back to the Plaintiffs, and in a letter dated June 29, 2005 said: "First, let me explain how your policies work." Thereafter, in this letter, Kansas City told the Plaintiffs the truth about what they had bought. This was the first time that the Plaintiffs had ever received this explanation, information that should have

been given to them in the initial marketing discussions in 1991, but which was not. Upon further inquiry, the Plaintiffs were told that by the Defendants that the premium payment on Mr. Smith's policy would have to be increased from the original scheduled premium of $83.48 per month to $224.61 per month; and that the premium payment on Ms. Smith's policy would have to be increased from the original scheduled premium of $64.27 to $103.91 per month. They were told that these increases were necessary to insure that these policies would not lapse before the maturity date. The Plaintiffs are not able to afford these increases; however, they have increased their premium payments to $167.00 monthly for Mr. Smith's policy and $100.00 per month for Ms. Smith's policy.

29.     As a result of the wrongful acts of the Defendants, the Plaintiffs have been injured and damaged. They have expended large sums of money for insurance policies that were not what was promised. They have lost the use of their money. They have been required to go out and search for other insurance which would be more appropriate, but cannot afford to now that they are older. They have had to dramatically increase their premiums in the hopes that their existing policies will not lapse when they reach old age. They have been caused worry, aggravation, upset and mental anguish. They have been otherwise injured and damaged.

## COUNT I – MISREPRESENTATION

30.     Plaintiffs re-allege paragraphs 1-29 of the Complaint as if set out here in full.

31.     Defendants made material misrepresentations to the Plaintiffs to induce them to purchase the above-described policies of insurance.

32.     These statements were false.

8

41.     To the extent that these Defendants acted recklessly or intentionally, their conduct was such as to allow the imposition of punitive damages to punish these Defendants and deter those similarly situated from such conduct in the future.

42.     As a result of the fraudulent suppression of these Defendants, Plaintiffs were injured and damaged as set out above.

## COUNT III – BREACH OF FIDUCIARY DUTY

43.     Plaintiffs re-allege paragraphs 1-42 of the Complaint as if set out here in full.

44.     The Defendants agreed to assist the Plaintiffs and advise them correctly and properly with regard to matters of insurance and financial planning.

45.     These Defendants owed to the Plaintiffs a fiduciary duty.

46.     These Defendants have breached that fiduciary duty by their actions described above.

47.     To the extent that the actions of these Defendants were reckless or intentional, their conduct is such as to allow the imposition of punitive damages to punish these Defendants and deter those similarly situated from such conduct in the future.

48.     As a result of the breach of fiduciary duty of these Defendants, Plaintiffs were injured and damaged as set out above.

## COUNT IV – NEGLIGENCE

49.     Plaintiffs re-allege paragraphs 1-48 of the Complaint as if set out here in full.

50.     The Defendants owed to the Plaintiffs a duty to use reasonable care in advising them in connection with purchasing life insurance.

10

51.    The Defendants breached those duties and Plaintiffs were damaged as a proximate result thereof.

## COUNT V – WANTONESS

52.    Plaintiffs re-allege paragraphs 1-51 of the Complaint as if set out here in full.

53.    The Defendants owed to the Plaintiffs a duty to use reasonable care in advising them regarding insurance products which they were considering and which they ultimately purchased.

54.    The Defendants wantonly breached that duty and Plaintiffs were damaged as a result.

55.    Plaintiffs claim punitive damages in this Count.

## COUNT VI – NEGLIGENT AND/OR WANTON SUPERVISION

56.    Plaintiffs re-allege paragraphs 1-55 of the Complaint as if set out here in full.

57.    At all times pertinent hereto, Agents Watkins and McCafferty were working as licensed agents for the insurance company Defendants and working under the dominion, control, supervision of and for these insurance company Defendants.    In addition, Defendant Watkins was working under the supervision, control and training of Defendant McCafferty.

58.    The insurance company Defendants negligently and/or wantonly trained, hired and supervised Watkins and McCafferty and McCafferty negligently and/or wantonly hired, trained and supervised Defendant Watkins such that all were allowed to

participate in the fraudulent acts and schemes and other wrongful acts described in this Complaint with regard to the sale of these life insurance policies to the Plaintiffs.

59.    As a direct and proximate result of the negligent and/or wanton supervision of the Defendants, Plaintiffs were injured and damaged as set out above.

60.    To the extent that these acts were wanton, the Plaintiffs claim punitive damages.

## COUNT VII – CONSPIRACY TO DEFRAUD

61.    Plaintiffs re-allege paragraphs 1-60 of the Complaint as if set out here in full.

62.    The Defendants agreed to combine, act in concert or otherwise conspire to defraud Plaintiffs and others of money by fraudulently and deceitfully concealing the nature and benefits, or lack thereof, of the products they were selling.  In furtherance of this conspiracy, the Defendants made reckless, negligent or innocent misrepresentations.

63.    Each of the Defendants took actions on behalf of the conspiracy, including but not limited to those actions previously described in this Complaint.

64.    All of the Defendants received financial gain from the conspiracy.

65.    Defendants divided the funds paid by the Plaintiffs and others.

66.    The actions of the Defendants to further the fraudulent conspiracy were such as to allow the imposition of punitive damages to punish these Defendants and deter others similarly situated from such conduct in the future.

67.    The conduct of Defendants in the furtherance of the fraudulent conspiracy was part of a pattern and practice of intentional wrongful conduct.

68.    Plaintiffs were damaged as a result of the fraudulent conspiracy.

12

WHEREFORE, the premises considered, the Plaintiffs demand judgment against all Defendants as follows:

A.     In such an amount of compensatory damages for the Plaintiffs as will reasonably and adequately compensate them for their injuries and damages;

B.     In such an amount of punitive damages for the Plaintiffs as will reflect the enormity of the wrongs committed by these Defendants and will deter these Defendants and others from committing similar wrongful acts in the future;

C.     Such other relief as the Court may find appropriate;

D.     Prejudgment interest and Court costs.

Lynn W. Jinks, III    JIN002
Attorney for Plaintiffs

Christina D. Crow    CRO064
Attorney for Plaintiffs

Nathan A. Dickson, II    DIC031
Attorney for Plaintiffs

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
P. O. Box 350
Union Springs, AL  36089
(334) 738-4225
(334) 738-4229 *fax*

Frank M. Wilson
Attorney for Plaintiffs

OF COUNSEL:

Frank M. Wilson, P.C.
P. O. Box 2389
Montgomery, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES IN
THIS CAUSE.

OF COUNSEL

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
                                )
     Plaintiffs, )
                                )       CV-05-**2763**
-vs- )
                                )
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
                                )
     Defendants. )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 NOV -7 AM 10: 36

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
## REQUEST FOR PRODUCTION TO DEFENDANTS

Pursuant to Rule 33 of the <u>Alabama Rules of Civil Procedure</u>, Plaintiffs propound

the following interrogatories and request for production to be answered separately and

severally, by Defendants, Kansas City Life Insurance Company, Guide One Insurance

Company, The Guidant Insurance Group, Guidant Life Insurance Company, Preferred

Risk Life Insurance Company, Anne F. Watkins, and Jim McCafferty, in the manner and

form prescribed by law:

## DEFINITIONS

Plaintiffs set forth the following definitions of various words and phrases which are contained in the attached request for discovery. Plaintiffs provide the following definitions for the purpose of clarifying the meaning of various words and phrases contained herein in order to help the Defendants understand the objectives of these discovery efforts and to locate and furnish the relevant information and materials. It is, therefore, expressly stipulated and agreed by Plaintiffs that an affirmative response on the part of Defendants will not be construed as an admission that any definition contained herein is either factually correct or legally binding on Defendants.

1.     The term "you" or "yours" applies to the specific Defendant responding.

2.     "Document" means the original or any copy of any written, recorded, transcribed, printed, or impressed matter of whatever kind however produced or reproduced, including but not limited to sound or pictorial recordings, computerized information, books, pamphlets, letters, memoranda, telegrams, electronic or mechanical transmissions, communications of all kinds, reports operating statements, working papers, hand writings, charts, papers, writing, printings, transcriptions, tapes, and records of all kinds.

3.     "Identify," when used with respect to a document, means to describe the document in sufficient particularity to withstand valid objections to such descriptions appearing in a subpoena deuces tecum or request or motion for production of such document, including, but not limited to the type of document (i.e., "letter"), date, authority, and address; and to state the name, address, and business relationship (if any)

to each party to this action, of each and every person who has such document in his or her possession, custody or control, and the location of such document.

4.    "Identify," when used with respect to an <u>individual</u>, means to state the person's full name, present occupation, and business affiliation, present home address and business address, present home telephone number and business telephone number, and present and past business affiliations or relationships, if any, with any of the parties to this action.

5.    "Identify," when used with respect to a <u>business enterprise</u>, means to state that enterprise's legal name, the names under which it does business, if other than its legal name, its form (e.g. proprietorship, partnership, corporation, etc.) of doing business; if incorporated, the State of incorporation, the address of its principal office or place of business, and the name and address of each of its officers and directors at all times material to the matter inquired about; if a partnership, the name and address and interest of each partner at all times material to the matters inquired about.

6.    "Describe," when used with respect to any oral communication or statement, means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communications or statements; and where each person was when such oral communications or statements were made.

7.    Any interrogatory asking you to "state wherein you contend," seeks the disclosure of each and every fact, circumstance, condition and thing known to you, your agent, servant, employee or attorney as of the date the interrogatories are answered, and full identification and description of each document relating to or referring to such fact,

3

circumstance, condition or thing; and identification of each person having knowledge of such fact, circumstance, condition, or thing.

8. "Plaintiffs" refer to James A. Smith and Jeanette H. Smith.

9. "Agents" refer to Anne F. Watkins and Jim McCafferty.

10. "Sales Representative", "member of your sales force" and/or "field representative" shall mean any person employed by you or authorized by you, whether an employee or independent contractor, to sell your insurance policies or financial products or those of any subsidiary.

## INTERROGATORIES

1. State the correct name of the Defendant responding.

2. Identify each parent or holding company, subsidiary company and unincorporated division of the Defendants responding.

3. State the names, job titles, employer, and address of each person in the supervisory chain of command for "agents". (This is not limited to this Defendants' employees—include any person who has any supervisory control over the agent.)

4. List each complaint that has been filed against this Defendant with any agency of the State of Alabama or Federal Government giving the date of each complaint, the agency involved, the person making the complaint, and the results of each complaint.

5. List each complaint, written or verbal, received by these Defendants relating to the "agents" who dealt with the Plaintiffs giving the date of each complaint and the person making the complaint.

6.    Have "agents" been licensed agents of the Defendants and if so, give the inclusive dates.

7.    Describe in detail your policies and procedures for the hiring of persons who make application to become a member of your sales force and state the names, addresses, and job titles of all persons who have the responsibility of formulating the policies and procedures.

8.    Describe in detail all investigations, evaluations, or reviews done on the suitability of these "agents" to become an insurance agents for you.

9.    Describe in detail each and every manner in which you monitored or supervised the activities of these "agents", while they were agents of this Defendant.

10.    In what manner were "agents" paid by you, during each year that they were employed by you? (This includes salary, draws, commissions, or otherwise.)

11.    List each person, giving their name, employer, address, and job description, who supervised in any manner the work performance of these "agents" for the entire time that they were agents for you.

12.    Have you ever compiled a sales or agent's manual for your sales force? If so, attach copies of each such manual to your answers.

13.    If any of Plaintiffs' policies were ever cancelled or lapsed, please give the date it was cancelled or lapsed, and the amount of cash value due to Plaintiffs at the time it was cancelled or lapsed. Please produce documents showing such.

14.    List each marketing study or survey that has been performed by or for you during the past ten (10) years giving the name of the person or entity having responsibility for each study or survey, the date of each, and the purpose for each.

15.     How many agents or sales representatives were licensed by you to sell insurance in each policy category for each of the past ten (20) years?

16.     Do you require to be held on a regularly scheduled basis either annual sales meetings for agents or sales representatives, quarterly sales meetings for agents or sales representatives, monthly sales meetings for agents or sales representatives, or weekly sales meetings for agents or sales representatives?

17.     Please list all loans taken out on any policy held by the Plaintiffs.

18.     For each such loan listed above, please state the date and amount of each loan.

19.     With regard to any life insurance policy ever issued by you or any subsidiary or affiliated company to the Plaintiffs, please state separately and severally:

   a.     the date of issue and policy number;

   b.     the named insured and beneficiary;

   c.     the current cash value and death benefit;

   d.     the date and amount of any and all loans taken out thereon;

   e.     the date and amount of all past, current and future dividends paid or expected to be paid thereon;

   f.     the total amount of premiums paid thereon;

   g.     whether, based on the current premium and current values, any policy is projected to lapse and, if so, when;

   h.     whether any said policy has lapsed, been discontinued or is currently in force, and, if appropriate, the date of lapse or discontinuance;

      i.    with regard to all policies identified in (h) above as lapsed or discontinued, please give the information requested in subparts (a) through (f) of this interrogatory up through the date of lapse or discontinuance; and

      j.    with regard to all policies identified in (h) above as lapsed or discontinued, please state what its present cash value would be if still in effect.

20.    Do you currently have in place a process of approving sales literature used by the agents or sales force? Please describe in detail the process identified in this interrogatory, including a description of any and all written materials used in connection therewith.

21.    Please list every training seminar sponsored by you that discussed the practice of using the accumulated value of one insurance policy to purchase and pay for a new insurance policy. Please include in your answer to this interrogatory the date and location of any such seminar, who spoke at the seminar, and copies of any materials given to agents at the seminars.

22.    Please list every training seminar sponsored by you, in which flexible premium adjustable life or universal life type life insurance policies were discussed. Please include in your answer the date and location of such seminars, who spoke at the seminar and attach copies of any materials or documents given to the participants.

23.    Please state the value of the Plaintiffs' policy at the present date.

24.    Please state the cash value of the Plaintiffs' policy(s) on each anniversary date from (date policy was issued) to the present.

25.    Please state the dividends paid on the Plaintiffs policy(s) for each year from (date policy was issued) to the present.

26.    Please state how the figures are determined for the annual policy reviews sent to policyholders.

27.    Does this Defendant send annual statements or policy reviews to its policyholders?  If so, attach a copy of each such document pertaining to Plaintiffs' policies to your answers.

28.    How long have the Defendants been sending annual policy reviews to its policyholders?

29.    State the method, formula, or mathematical equation which you use to compute the cost of insurance on policies similar to the Plaintiffs' policies.

30.    What is your current cost of insurance projection for each year on the subject policies to age 100?

## DOCUMENTS REQUESTED

1.    All files relating to the Plaintiffs.

2.    The "Agents'" files.

3.    The "Agents'" personnel files.

4.    The underwriting file.

5.    All policy files relating to the Plaintiffs.

6.    All files dealing with each policy issued to the Plaintiffs.

7.    All promotional literature explaining the type of policy(s) that were sold to Plaintiffs.

8.    Sales pamphlets pertaining to the type of policy(s) that were sold to Plaintiffs.

9.    All sales manuals, claims manuals, procedural manuals, operational manuals, or other documents of whatever kind which direct or instruct employees or agents with respect to the sale of insurance.

10.    Individual agent files relating to the policy(s) to the Plaintiffs.

11.    A list of your agents or members of you sales force, who have been either suspended, terminated, or had their license revoked.

12.    All audio tapes, video tapes, brochures, seminar materials, sales promotional packages, and other written documents or materials relating to the marketing or sale of insurance policies like those sold to the Plaintiffs.

13.    Documents evidencing or relating to any reprimands, actions, complaints, or disciplinary actions taken against this Defendant by the Insurance Department or Attorney General of any state.

14.    A list of all persons in the Underwriting Department who have knowledge of this particular policy.

15.    A list of all lawsuits filed against this Defendant in the State of Alabama for the past ten years.

16.    All correspondence between this Defendant and the Insurance Department for the State of Alabama and any other State Insurance Department in which this Defendant does business concerning any complaints or lawsuits like or similar to this case.

17.    The resume and/or curriculum vitae of each expert you expect to testify at trial and any reports received from each expert.

18.    All correspondence between the Plaintiffs and this Defendant.

19.    All correspondence, records, insurance policies, endorsements, applications, receipts, telephone logs or memoranda, documents, memoranda, computer printouts, statements, printable information from this Defendant's computers at any office including the home office, regional office and district office, or other information of whatever type or description which pertains in any way to any Plaintiff or mentions the Plaintiffs by name.

20.    All notes or transcribed recording of any telephone conversation between this Defendant and/or any agent of Defendant and Plaintiffs.

21.    Your file dealing with the Plaintiffs.

22.    All documents evidencing any complaints you have received relating to the "Agents" who dealt with the Plaintiffs from whatever source.

23.    All policies ever issued to the Plaintiffs.

24.    All checks or drafts ever written to the Plaintiffs.

25.    All documents showing premiums that the Plaintiffs have paid to this Defendant.

26.    All audits done of the office or district pertaining to the area in which the Plaintiffs live.

27.    All documents, including applications, that have a signature on them that appear to be that of the Plaintiffs.

28.    All documents ever sent to the Plaintiffs evidencing loans, dividends, or cash surrender values of policies.

29.    All cash surrender forms executed by the Plaintiffs.

30.    Any policy or procedure manual in effect between 1984 to the present date that deals with agents or sales representatives.

31.    Any document that this Defendant claims to have been executed by the Plaintiffs.

32.    All documents showing the amounts of commission the agent(s) made on the sale of any policy to the Plaintiffs.

33.    Any and all documents relating in any way to this Defendant's selection, contracting, training, monitoring or supervision of its sales force.

34.    All documents indicating sales figures for "Agents", for all years since their association with this Defendant, including, but not limited to, volume, premium and persistency.

35.    A copy of the complaint from every legal action which involves allegations of fraud or other wrongdoing by members of your sales force filed in the State of Alabama in the last ten years.

36.    All documents sent by this Defendant to any state insurance commission or department or other governmental agency regarding "Agents."

37.    All documents pertaining in any way to any investigation of the background of "Agents", done by this Defendant prior to entering into any agency contract or other association with "Agents."

38.    All documents pertaining in any way to the suitability of "Agents", to act or work as an agent or sales representative of this Defendant.

39.    All writs of garnishments or other documents received by this Defendant evidencing debts owed by or judgments against "Agents."

40.    All correspondence, memoranda or other documents sent by any agent or employee of this Defendant to "Agents", which in any way reprimands, censures or criticizes them for any possible misconduct.

41.    Any file which Defendant maintains regarding "Agents", not otherwise specifically requested.

42.    All correspondence, records, documents, memoranda or other information of whatever type or description which was submitted to any law enforcement agency or personnel by this Defendant regarding "Agents."

43.    All correspondence, inquires, requests for information or other documents of whatever type or description received by this Defendant from any law enforcement agency or personnel which pertains in any way to "Agents."

44.    Each and every document supporting your contention that the activities of "Agents" as described in the Plaintiffs' complaint, were outside the line or scope of his/her agency with the Defendant.

45.    All bulletins, pamphlets, manuals or other documents which describe the procedure involved in this Defendant's selection of its insurance agents and field representatives or members of its sales force.

46.    Any and all manuals, bulletins, pamphlets or other documents which describe how this Defendant monitors or supervises its agents or field representatives.

47.    All policies, bulletins, rules, agent fraud controls or other documents which have been issued or instituted by this Defendant and which pertain in any way to the mishandling, misappropriation and/or conversion by this Defendant's agents or sales representatives of policyholder or client funds or which deal with agent fraud.

48. The annual reports to stockholders or other reports of this Defendant to stockholders for the past ten (10) years.

49. All documents showing loans taken out on any of the Plaintiffs' policies.

50. All documents which this Defendant intends to introduce as exhibits at the trial of this case.

51. All documents, manuals, policy and procedures manuals, correspondence, or written documents which deal with or relate to fraud controls, wrongful activities controls, recognizing wrongful activity of an employee, agent, or sales representative or recognizing fraud of an employee, agent, or sales representative or warning signs of fraud or wrongful activities of an employee, agent, or sales representative.

52. Copies of each insurance contract or policy issued to the Plaintiffs including the declarations page.

53. Any written contract between this Defendant and the "Agents."

54. Any other standard contracts available for agents or contractors who sell insurance policies for Defendant.

55. Any letter, note, memorandum or document of any kind evidencing any business relationship between you and the "Agents."

56. The articles of incorporation of the Defendant.

57. Copies of portions of the minutes of the Board of Directors of the Defendant, or any subsidiary thereof, which refer to:

    a. "the premium offset proposal";

    b. the "vanishing premium" concept;

    c. the training and supervision of agents or sales representatives;

d.    the use of value in in-force insurance policies to pay for other policies;

e.    the practice of "churning";

f.    the recruitment, hiring, training and supervision of agents;

g.    sales materials, projections or illustrations used in the marketing of insurance;

h.    the marketing of life insurance as a retirement plan, educational fund or savings plan.

i.    the practice of replacing one life insurance policy with another;

j.    the practice of using values built up in one life insurance policy to fund the purchase of another;

k.    the sale and/or marketing of flexible premium adjustable life insurance or universal life type policies.

58.    Any document or writing by and/or between any employee, officer, agent, representative, division, subsidiary, etc., of yours, which refers in any way to:

a.    "the premium offset proposal";

b.    the "vanishing premium" concept;

c.    the training and supervision of agents or sales representatives;

d.    the use of value in in-force insurance policies to pay for other policies;

e.    the practice of "churning";

f.    the recruitment, hiring, training and supervision of agents or sales representatives;

g.    sales materials, projections or illustrations used in the marketing of insurance;

h.    the marketing of life insurance as a retirement plan, educational fund or savings plan;

i.    the practice of replacing one insurance policy with another;

j.    the practice of using the values built up in one life insurance policy to fund the purchase of another;

k.    the sale and/or marketing of flexible premium adjustable life or universal life policies.

59.    Any paper, document, filing or other writing of any kind whatsoever prepared by Defendants or others and filed or submitted to any regulatory agency in the State of Alabama or any federal regulatory agency.

60.    Applications, correspondence or any other document signed by, directed to, pertaining to, or otherwise having anything to do with the Plaintiffs.

61.    Any internal memoranda, policies, procedures manuals, bulletins, inter-office memo or any other document which pertains in any way to the preparation of and application for policies of insurance such as the ones made the subject of this lawsuit.

62.    Any and all business cards used by any named Defendant during the past ten years.

63.    An organizational chart of this Defendant.

64.    All agreements, correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, Board of Directors' minutes, cards, diaries,

logs, or other written documents relating to the transaction with Plaintiffs or that mention Plaintiffs.

65.    Please provide a copy of any illustrations, letters, brochures, or other writings used by "Agents" in contacting the Plaintiffs.

66.    Please provide every letter, document, memo, table, handbook, manual guidelines, publication, or other writing that was used by any of the Defendants while contacting the Plaintiffs.

67.    Please provide financial statements and records evidencing the information contained in your response to the preceding interrogatory.

68.    An in-force illustration of Plaintiffs' policy.

69.    Your current "cost of insurance" table.


Lynn W. Jinks, III
Attorney for Plaintiffs


Christina D. Crow
Attorney for Plaintiffs


Nathan A. Dickson, II
Attorney for Plaintiffs


OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
P. O. Box 350
Union Springs, AL  36089
(334) 738-4225
(334) 738-4229 *fax*

Frank M. Wilson
Attorney for Plaintiffs

OF COUNSEL:

Frank M. Wilson, P.C.
P. O. Box 2389
Montgomery, AL 36102-2389
(334) 263-2560
(334) 264-2658 *fax*


TO: MELISSA A. RITTENOUR
       MONTGOMERY COUNTY CIRCUIT CLERK

Please serve a copy of the foregoing discovery along with the complaint in this case upon all Defendants.

OF COUNSEL

17

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
)
    Plaintiffs, )
)
                               )    CV-05- 2763
-vs- )
)
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
)
    Defendants. )

## CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS UPON THE FOLLOWING DEFENDANTS:

**KANSAS CITY LIFE INSURANCE COMPANY** 
**The National Registered Agent**
**150 S. Perry Street**
**Montgomery, AL 36104**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's Attorney.

LYNN W. JINKS, III
CHRISTINA D. CROW
NATHAN A. DICKSON
JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, AL  36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*

The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

11-10-05
DATE

CIRCUIT CLERK

By: _____

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Kansas City Life Insurance Company
Street, Apt. No.; or PO Box No. The National Registered Agent 150 S. Perry Street
City, State, ZIP+4 Montgomery, AL  36104

7004 2890 0000 1192 5608

PS Form 3800, June 2002         See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
                 )
      Plaintiffs, )
                 )
                 )    CV-05-__2763__
-vs- )
                 )
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
                 )
      Defendants. )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 NOV -7  AM 10: 36

## CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS
UPON THE FOLLOWING DEFENDANTS:

**GUIDANT LIFE INSURANCE COMPANY**
**Ronnie Sullivan**
**2100 Riverchase Center, Building 100, Ste. 100**
**Birmingham, AL  35244**

The Complaint which is attached to this Summons is important and you must take
immediate action to protect your rights.  You or your attorney are required to mail or
hand deliver a copy of a written Answer, either admitting or denying each allegation in
the Complaint to the Plaintiff's Attorney.

**LYNN W. JINKS, III**
**CHRISTINA D. CROW**
**NATHAN A. DICKSON**
**JINKS, DANIEL & CROW, P.C.**
**POST OFFICE BOX 350**
**UNION SPRINGS, AL  36089**
(334) 738-4225
(334) 738-4229


**FRANK M. WILSON**
**FRANK M. WILSON, P.C.**
**P. O. BOX 2389**
**MONTGOMERY, AL  36102-2389**
(334) 263-2560
(334) 264-2658 *fax*

The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

| | | |
|---|---|---|
| *11-10-05* | *Melissa Pittman* | By: |
| DATE | CIRCUIT CLERK | |

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

## OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 2890 0000 1192 5785

Sent To  Guidant Life Insurance Company
         Ronnie Sullivan
Street, Apt. No.; or PO Box No.  2100 Riverchase Center, Bldg. 100,
City, State, ZIP+4                                   Ste. 100
         Birmingham, AL  35244

PS Form 3800, June 2002                    See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
)
    Plaintiffs, )
)
    -vs- )    CV-05-___2763
)
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
)
    Defendants. )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 NOV -7  AM 10: 36

### CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS UPON THE FOLLOWING DEFENDANTS:

        **GUIDE ONE INSURANCE COMPANY**
           **Ronnie Sullivan**
   **2100 Riverchase Center, Building 100, Ste. 100**
         **Birmingham, AL  35244**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.  You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's Attorney.

LYNN W. JINKS, III
CHRISTINA D. CROW
NATHAN A. DICKSON
JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, AL  36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*

The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

11-10-05
_____
DATE

~~Melissa Rittenour~~
_____
CIRCUIT CLERK

By ~~Lw~~
_____

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 2890 0000 1192 5792

Sent To   Guide One Insurance Company
Street, Apt. No.; Ronnie Sullivan
or PO Box No. 2100 Riverchase Ctr., Bldg.100,
City, State, ZIP+4                          Ste.100
         Birmingham, AL  35244

PS Form 3800, June 2002                    See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
)
    Plaintiffs, )
)
    -vs- )       CV-05- 2763
)
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
)
    Defendants. )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 NOV -7  AM 10: 36

## CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS UPON THE FOLLOWING DEFENDANTS:

**THE GUIDANT INSURANCE GROUP**  D4
Ronnie Sullivan
2100 Riverchase Center, Building 100, Ste. 100
Birmingham, AL 35244

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's Attorney.

LYNN W. JINKS, III
CHRISTINA D. CROW
NATHAN A. DICKSON
JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, AL  36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*


The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.


11-10-05
DATE

_____
CIRCUIT CLERK

By: _____


**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

7004 2890 0000 1192 5761

Sent To    The Guidant Insurance Group
Ronnie Sullivan
Street, Apt. No.; 2100 Riverchase Ctr.,Bldg.100,
or PO Box No.                        Ste.100
City, State, ZIP+4
Birmingham, AL 35244

PS Form 3800, June 2002          See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JAMES A. SMITH and<br>JEANETTE H. SMITH, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| -vs- | )  CV-05-_2763_ |
| | ) |
| KANSAS CITY LIFE INSURANCE COMPANY, | ) |
| GUIDE ONE INSURANCE COMPANY, THE | ) |
| GUIDANT INSURANCE GROUP, GUIDANT | ) |
| LIFE INSURANCE COMPANY, PREFERRED | ) |
| RISK LIFE INSURANCE COMPANY, ANNE F. | ) |
| WATKINS, JIM McCAFFERTY and A, B, C, D, | ) |
| E, F, and G, said fictitious parties being those | ) |
| persons, firms, corporations or other entities who | ) |
| or which acted either as principal or agent of or | ) |
| for any of the named Defendants with regard to | ) |
| the conduct complained of in this Complaint | ) |
| and/or who or which are the legal successors in | ) |
| interest to any of the named Defendants and/or | ) |
| who or which caused or contributed to cause the | ) |
| damages complained of by the Plaintiffs in this | ) |
| case, all of whose identities are unknown to the | ) |
| Plaintiffs at this time, but which will be | ) |
| substituted by Amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 NOV -7  AM 10: 36

## CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS UPON THE FOLLOWING DEFENDANTS:

**PREFERRED RISK LIFE INSURANCE COMPANY**
**Ronnie Sullivan**
**2100 Riverchase Center, Building 100, Ste. 100**
**Birmingham, AL 35244**



The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's Attorney.

LYNN W. JINKS, III
THERESA J. DANIEL
CHRISTINA D. CROW
JINKS, DANIEL & CROW, L.L.C.
POST OFFICE BOX 350
UNION SPRINGS, AL  36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*


The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

11-10-05
DATE

*Melissa Pittenau*
CIRCUIT CLERK

By: *Lcu*

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Preferred Risk Life Insurance Co.
Street, Apt. No.; Ronnie Sullivan
or PO Box No. 2100 Riverchase Ctr., Bldg.100,
City, State, ZIP+4
Birmingham, AL 35244    Ste. 100

7004 2890 0000 1192 5815

PS Form 3800, June 2002                    See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JAMES A. SMITH and<br>JEANETTE H. SMITH,<br><br>    Plaintiffs,<br><br>-vs-<br><br>KANSAS CITY LIFE INSURANCE COMPANY,<br>GUIDE ONE INSURANCE COMPANY, THE<br>GUIDANT INSURANCE GROUP, GUIDANT<br>LIFE INSURANCE COMPANY, PREFERRED<br>RISK LIFE INSURANCE COMPANY, ANNE F.<br>WATKINS, JIM McCAFFERTY and A, B, C, D,<br>E, F, and G, said fictitious parties being those<br>persons, firms, corporations or other entities who<br>or which acted either as principal or agent of or<br>for any of the named Defendants with regard to<br>the conduct complained of in this Complaint<br>and/or who or which are the legal successors in<br>interest to any of the named Defendants and/or<br>who or which caused or contributed to cause the<br>damages complained of by the Plaintiffs in this<br>case, all of whose identities are unknown to the<br>Plaintiffs at this time, but which will be<br>substituted by Amendment when ascertained,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CV-05- 2763<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 NOV -7  AM 10: 36

### CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS UPON THE FOLLOWING DEFENDANTS:

ANNE F. WATKINS
3577 Hwy. 14
Millbrook, AL  36054

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.  You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's Attorney.

**LYNN W. JINKS, III**
**CHRISTINA D. CROW**
**NATHAN A. DICKSON**
**JINKS, DANIEL & CROW, P.C.**
**POST OFFICE BOX 350**
**UNION SPRINGS, AL  36089**
**(334) 738-4225**
**(334) 738-4229**


**FRANK M. WILSON**
**FRANK M. WILSON, P.C.**
**P. O. BOX 2389**
**MONTGOMERY, AL  36102-2389**
**(334) 263-2560**
**(334) 264-2658** *fax*


The Answer must be mailed or delivered within 30 days after the Summons and
Complaint were delivered to you or a judgment by default may be entered against you for
the money or other things demanded in this Complaint.  You must also file the original of
your Answer with the Clerk of this Court.

11-10-05
DATE

_Melissa Rittmans_
CIRCUIT CLERK

By: _____

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7004 2890 0000 1192 5822

Sent To  Anne F. Watkins
Street, Apt. No.;
or PO Box No.  3577 Hwy. 14
City, State, ZIP+4  Millbrook, AL  36054

PS Form 3800, June 2002                    See Reverse for Instructions

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES A. SMITH and )
JEANETTE H. SMITH, )
)
    Plaintiffs, )
)
-vs- )
)
KANSAS CITY LIFE INSURANCE COMPANY, )
GUIDE ONE INSURANCE COMPANY, THE )
GUIDANT INSURANCE GROUP, GUIDANT )
LIFE INSURANCE COMPANY, PREFERRED )
RISK LIFE INSURANCE COMPANY, ANNE F. )
WATKINS, JIM McCAFFERTY and A, B, C, D, )
E, F, and G, said fictitious parties being those )
persons, firms, corporations or other entities who )
or which acted either as principal or agent of or )
for any of the named Defendants with regard to )
the conduct complained of in this Complaint )
and/or who or which are the legal successors in )
interest to any of the named Defendants and/or )
who or which caused or contributed to cause the )
damages complained of by the Plaintiffs in this )
case, all of whose identities are unknown to the )
Plaintiffs at this time, but which will be )
substituted by Amendment when ascertained, )
)
    Defendants. )

CV-05- 2763

FILED CIRCUIT COURT OF MONTGOMERY COUNTY
2005 NOV -7 AM 10: 36

### CIVIL SUMMONS

SERVICE BY CERTIFIED MAIL IS HEREBY REQUESTED BY THE PLAINTIFFS UPON THE FOLLOWING DEFENDANTS:

        JIM McCAFFERTY
        P. O. Box 210878
        Montgomery, AL 36121

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's Attorney.

LYNN W. JINKS, III
CHRISTINA D. CROW
NATHAN A. DICKSON
JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, AL  36089
(334) 738-4225
(334) 738-4229


FRANK M. WILSON
FRANK M. WILSON, P.C.
P. O. BOX 2389
MONTGOMERY, AL  36102-2389
(334) 263-2560
(334) 264-2658 *fax*

The Answer must be mailed or delivered within 30 days after the Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

11-10-05
DATE

Melissa Pittman
CIRCUIT CLERK

By: _____

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 2890 0000 1192 5839

Sent To  Jim McCafferty
Street, Apt. No.;
or PO Box No.  P. O. Box 210878
City, State, ZIP+4
Montgomery, AL  36121

PS Form 3800, June 2002                    See Reverse for Instructions



| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>[C][V] [ ][ ][ ] [ ][ ][ ] [ ][ ]-[ ][ ]<br>Date of Filing:    Judge Code:<br>[ ][ ] [ ][ ] [ ][ ][ ][ ]<br>Month    Day    Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ MONTGOMERY _____, ALABAMA
*(Name of County)*

James A. Smith and Jeanette H. Smith    v.    Kansas City Life Insurance Company, et al.

**Plaintiff**                          **Defendant**

First Plaintiff  ☐ Business  ☑ Individual        First Defendant  ☑ Business  ☐ Individual
                 ☐ Government ☐ Other                              ☐ Government ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
           Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction
           Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

*(stamped vertically:) FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY 2004 NOV -7 AM 10:36*

**ORIGIN** *(check one):*  F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER: _____
                                                      DISTRICT COURT
                          R ☐ REMANDED               T ☐ TRANSFERRED FROM
                                                      OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?  ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a
                                               jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

RELIEF REQUESTED:  ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

| ATTORNEY CODE:<br>[J][I][N][0][0][2] | *11/4/05*<br>Date | *(signature)*<br>Signature of Attorney/Party filing this form |
|---|---|---|

MEDIATION REQUESTED:  ☐ YES  ☐ NO  ☑ UNDECIDED