IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JAMES A. SMITH and<br>JEANETTE H. SMITH,<br><br>    Plaintiffs,<br><br>Vs.<br><br>KANSAS CITY LIFE INSURANCE COMPANY, GUIDE ONE INSURANCE COMPANY, GUIDANT LIFE INSURANCE GROUP, GUIDANT LIFE INSURANCE COMPANY, PREFERRED RISK LIFE INSURANCE COMPANY, ANNE F. WATKINS, JIM MCCAFFERTY, Et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>CASE NO: CV-05-2763 |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take note that Defendants Kansas City Life Insurance Company, Guide One Insurance Company, Guidant Life Insurance Group, Guidant Life Insurance Company, Preferred Risk Life Insurance Company, (hereinafter the "insurance defendants"), Anne Watkins and Jim McCafferty, have caused to be filed on the 15th day of December, 2005, in the United States District Court for the Middle District of Alabama, Northern Division, a Notice of Removal for the removal of the above-styled action to said Court. A copy of the Notice of Removal is attached hereto as Exhibit A.

Dated this __15__ day of December, 2005.

                                                                                  Donald R. Jones, Jr. (JON091)
                                                                                  Attorney for Defendants



EXHIBIT C

OF COUNSEL:
Donald R. Jones, Jr., P.C.
Attorney at Law
2000 Interstate Park Drive
Suite 104
Montgomery, AL 36109

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on counsel by depositing said copies in the United States Mail, postage prepaid and properly addressed on this the __15__ day of December, 2005, to:

Lynn W. Jinks
JINKS, DANIEL, & CROW, P.C.
P.O. Box 350
Union Springs, AL 36089

Frank M. Wilson
FRANK M. WILSON, P.C.
P.O. Box 2389
Montgomery, AL 36102-2389

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES A. SMITH and JEANETTE H. SMITH, | ) ) ) |
| Plaintiffs, | ) |
| Vs. | ) |
| KANSAS CITY LIFE INSURANCE COMPANY, GUIDE ONE INSURANCE COMPANY, GUIDANT LIFE INSURANCE GROUP, GUIDANT LIFE INSURANCE COMPANY, PREFERRED RISK LIFE INSURANCE COMPANY, ANNE F. WATKINS, JIM MCCAFFERTY, Et al., | ) ) ) ) ) ) ) CASE NO:_____ |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants, Kansas City Life Insurance Company, Guide One Insurance Company, Guidant Life Insurance Group, Guidant Life Insurance Company, Preferred Risk Life Insurance Company, (hereinafter the "insurance defendants"), Anne Watkins and Jim McCafferty, give notice, with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As and for its Notice of Removal, the Defendants show unto the Court as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. See 28 U.S.C. §§ 1441(b), 1446(b).

2. Plaintiffs Smith instituted this civil action in the Circuit Court of



Montgomery County, Alabama, on November 7, 2005, against the Defendants, said case bearing number CV-05-2763. Plaintiffs allege that they suffered damages as the result of their purchase of an insurance policy sold and issued by the Defendants. Less than thirty days have passed since service of the original Summons and Complaint ("Complaint") upon the Defendants. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b). A true and correct copy of the Summons and Compliant served on the Defendants in this action is attached hereto as Exhibit A, and is incorporated by reference herein.

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1332, because complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## CONSENTS TO REMOVAL

4. The Complaint also purports to assert claims against Anne E. Watkins. Fraudulently joined Defendants need not join in or consent to removal. *GMFS, L.L.C. v. Bounds*, 275 F.Supp.2d 1350, 1353 (S.D. Ala. 2003); *See also Balazik v. County of Dauphin*, 44 F.3d 209, 213n. 4(3d Cir.1995); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875,877 (1st Cir. 1983); *Coyne v. America Tobacco Co.*, 183 F.3d 488,493 (6th Cir.1999); *Emrich v. Touche Ross & Co.*, 864 F.2d 1190, 1193 n. 1 (9th Cir. 1988). The Fifth Circuit has explained that fraudulently joined Defendants need not join in or consent to removal because they are not "proper defendants[s]." *Jernigan v. Ashland Oil*, 989 F.2d 812 815 (5th Cir. 1993). Nevertheless, in her affidavit Watkins states that she consents to the removal.

2

# COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PLAINTIFF AND THE PROPERLY JOINED DEFENDANTS

5. Upon information and belief, Plaintiffs are, and were at the institution of this civil action, and at all times intervening, citizens and residents of the State of Alabama. Complaint at ¶ 1.

6. The insurance company Defendants are and were at the time of the institution of this civil action, corporations organized and existing under laws of states other than Alabama and having their principle place of business in Missouri and Iowa. As a result, Defendants are not now, and were not at the time of filing of the complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to removal of causes.

7. Defendant McCafferty is, and was at the time of the institution of this civil action, a citizen of the state of North Carolina, having his residence in Charlotte. As a result, McCafferty (McCafferty Affidavit) is not now, and was not at the time of the filing of the complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

8. The Complaint purports to state claims against unnamed, fictitious Defendants identified as Fictitious Defendant A through G. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

9. The Complaint also purports to assert claims against Ms. Watkins. This Defendant is alleged to be an Alabama citizen. However, as demonstrated below, the defendant has been fraudulently joined, and her citizenship must be disregarded by the

Court for purposes of determining jurisdiction.

## THE ALABAMA RESIDENT DEFENDANT HAS BEEN FRAUDULENTLY JOINED

10. In this Circuit, the fraudulent joinder standard is as follows:

> Joinder has been deemed fraudulent in [three] situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts .... In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996)(*rev'd on other grounds*), a third situation of fraudulent joinder was identified – i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287-89 (11th Cir. 1998) (internal citations omitted). While this standard is described as requiring that a Defendant establish that there is no possibility that the Plaintiff might prevail against a non-diverse Defendant, courts reject the suggestion that "any mere theoretical possibility of recovery under local law ... suffices to preclude removal." *Travis v. Irby*, 326 F. 3d 644, 648 (5th Cir. 2003). Rather, numerous circuits have recognized that the standard is more correctly described as requiring a showing that there is *no reasonable basis* for predicting liability against the fraudulently joined Defendant. *Id.* at *3. *See also in re Rezulin Prods. Laib. Litg.*, 133 F.Supp.2d 272, 280 n.4 (explaining same); *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997) (applying "arguably a reasonable basis" test (quoting *Bobby Jones Garden Apt. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968); *BP Chems. Ltd. V. Jiangus Sopo Corp.*, 285 F.3d 677, 685 (8th Cir. 2002) (applying "reasonable basis" test); *Schwartz v. State*

4

*Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 879 (7th Cir. 1999) (noting that it cannot "say that there is no possibility that a state court would someday" recognize plaintiff's liability theory, but upholding removal because that currently "is not a reasonable possibility"); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990). (applying "reasonable basis" test); *see also Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp.588, 590 (S.D. Fla. 1983) (applying "arguably reasonable basis" test); *TKI, Inc. v. Nichols Research Corp.*, 191 F.Supp. 2d 1307, 1313-14 (M.D. Ala. 2002) (applying "reasonable basis" test); *Anderson v. Allstate Life Ins. Co.*, No. 00-0958, 2001 WL 228057, *8 (S.D. Fla. Feb. 1, 2001) (same); *El Chico Rest. Inc. v. Aetna Sur. & Case Co.*, 980 F.Supp. 1474, 1478-79 (S.D. Ga. 1997) (same).

11. As such, the citizenship of the non-diverse defendants should be disregarded because there is no "reasonable basis for predicting that the state law might impose liability [on them] on the facts involved." *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997). Absent a "reasonable basis," the joinder of the Alabama citizens is fraudulent and will not preclude this Court's exercise of diversity jurisdiction. *See id.* at 1538, 1540. Moreover, as recognized in *TKI, Inc. v. Nichols Research Corp.*, 191 F.Supp.2d 1307 (M.D. Ala. 2002), "although the fraudulent joinder standard is not the same as the summary judgment standard, it is a summary-judgment-like process", which necessarily requires a <u>merits inquiry</u>. Id. at 1314 (citation omitted).

12. Here, the non-diverse defendant, Anne Watkins, is fraudulently joined because there is no reasonable possibility that the Plaintiffs can prove a cause of action against her. As her affidavit displays, she had nothing to do with the sale of the policy at issue. Plaintiffs based their claims against Watkins solely upon her role in the sale of the

5

policy. As shown in the attached declarations, Watkins never discussed the policy with the Smiths prior to its issuance and never had any prior direct contact with the Plaintiffs (Watkins Affidavit). There is no factual nexus between Plaintiffs and Ms. Watkins to support any cause of action.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13. The amount in controversy requirement clearly is satisfied in this case. Although the Complaint does not specify a monetary demand, Plaintiffs clearly seek unspecified compensatory and punitive damages relating to damages from fraudulent insurance sales practices. The Defendants assert that the value of the insurance at issue exceeds $75,000.00 and that the Plaintiffs seek more than $75,000.00. Judgments exceeding that amount have been affirmed in action alleging fraudulent insurance sales practiced.

## ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

14. As set forth above, this Notice of Removal is filed within thirty days of service on the first served Defendant. 28 U.S.C. § 1446(b). All properly joined and served Defendants consent to and join in this Notice of Removal.

15. Defendants have sought no similar relief.

16. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

17. Copies of all process, pleadings, orders and other papers on file in the state court action are attached to this Notice of Removal and labeled as Exhibit B.

18. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiffs' counsel, and a Notice to Clerk of Removal is simultaneously being filed with the Circuit Court in and for Montgomery

County, Alabama. A true and correct copy of this Notice is attached hereto as Exhibit C.

19. If any question arises as to the propriety of the removal of this action, the removing Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, The Defendants, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the County in which said action is pending, pray that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, shall effect the removal of said suit to this Court.

_____
Donald R. Jones, Jr.
ASB-8900-067D
Attorney for Defendants

OF COUNSEL:
Donald R. Jones, Jr., P.C.
2000 Interstate Park Drive
Suite 104
Montgomery, AL 36109
Telephone:   334-277-3939
Facsimile:    334-277-3772

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on counsel by depositing said copies in the United States Mail, postage prepaid and properly addressed on this the 15th day of December, 2005, to:

Lynn W. Jinks
JINKS, DANIEL, & CROW, P.C.
P.O. Box 350
Union Springs, AL 36089

Frank M. Wilson
FRANK M. WILSON, P.C.
P.O. Box 2389
Montgomery, AL 36102-2389

Of Counsel