**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **JAMES A. SMITH and** ) | |
| **JEANETTE H. SMITH,** ) | |
| ) | |
|     **Plaintiffs** ) | |
| ) | |
| V. ) | 2:05CV1198-T |
| ) | |
| **KANSAS CITY LIFE INSURANCE COMPANY,** ) | |
| **GUIDE ONE INSURANCE COMPANY, THE** ) | |
| **GUIDANT INSURANCE GROUP, GUIDANT** ) | |
| **LIFE INSURANDE COMPANY, PREFERRED** ) | |
| **RISK LIFE INSURANCE COMPANY, ANNE F.** ) | |
| **WATKINS, JIM McCAFERTY and A, B, C, D,** ) | |
| **E, F, and g,** said fictitious parties being those ) | |
| persons, firms, corporations or other entities who ) | |
| or which acted either as principal or agent of or ) | |
| for any of the named Defendants with regard to ) | |
| the conduct complained of in this Complaint ) | |
| and/or who or which are the legal successors in ) | |
| interest to any of the named Defendants and/or ) | |
| who or which caused or contributed to cause the ) | |
| damages complained of by the Plaintiffs in this ) | |
| case, all of whose identities are unknown to the ) | |
| Plaintiffs at this time, but which will be ) | |
| substituted by Amendment when ascertained, ) | |
| ) | |
|     **Defendants** ) | |

## ANSWER

Kansas City Life Insurance Company f/k/a GuideOne Life Insurance Company f/k/a Guidant Insurance Company or Group f/k/a Preferred Risk Life Insurance Company, GuideOne Insurance Company, Anne F. Watkins and Jim McCaferty ("Defendants") collectively file their Answer to the Complaint of Plaintiffs, James A. Smith and Jeanette H. Smith (collectively "Plaintiffs") as follows:

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted against some or all of the Defendants.

2. One of more of the Plaintiffs' claims should be dismissed due to their failure to comply with Federal Rule of Civil Procedure 9(b). Plaintiffs have failed to plead with particularity the circumstances constituting fraud.

3. One or more of the Plaintiffs' claims are barred by the applicable statutes of limitation.

4. The Plaintiffs' claims, or some of them, may be barred by the doctrine of laches and unclean hands.

5. The Plaintiffs' claims, or some of them, may be barred pursuant to the doctrines of waiver estoppel.

6. The Plaintiffs' claims, or some of them, may be barred by their failure to join indispensable parties.

7. The Plaintiffs failed to mitigate their damages, if any, resulting from the alleged acts of omissions of Defendants.

8. The Plaintiffs' claims, or some of them, may be barred in whole or in part by the doctrine of comparative and/or contributory negligence.

9. Some or all of the Plaintiffs' damages were caused by the intervening acts of third parties.

10. Some or all of the claims made by the Plaintiffs may be barred by Defendants' compliance with applicable state and/or federal laws.

11. Some or all of the Plaintiffs' claims are not ripe.

12. At all times, Defendants have acted and are acting in good faith and without malice.

13. The imposition of punitive damages in this case would deprive Defendants of their property without due process of law, and would deny to Defendants the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution.

14. The imposition of punitive damages in this matter would constitute the imposition of an excessive fine in violation of the Seventh Amendment of the United States Constitution.

15. The imposition of punitive damages in this matter would violate the provisions of the Contract Clause of Article 1, Section 10, Clause 1 of the United States Constitution.

16. Some or all of Plaintiffs' claims may be barred by ratification.

17. Some or all of Plaintiffs' claims may be barred by the economic loss doctrine.

## **ANSWER**

Having asserted the above affirmative defenses, Defendants answer Plaintiffs' complaint, paragraph by paragraph, as follows:

1. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph.

2. Admitted.

3. Admitted.

4. Denied.

  5. Denied.

  6. Denied. Defendants admit that GuideOne Life Insurance Company was formerly known as Preferred Risk Life Insurance Company and Guidant Life Insurance Company and that KCL purchased GuideOne Life Insurance Company from GuideOne Insurance Company.

  7. Defendants admit that Anne F. Watkins was a GuideOne agent during the time period at issue. Jim McCafferty was the agent who sold Plaintiffs their policies at issue in this action.

  8. Defendants admit that Jim McCafferty was a GuideOne agent and was the agent for policies sold by his agency and was acting within the course and scope of his agency or employment during the time period at issue. Defendants deny the remaining allegations of this paragraph.

  9. Denied.

  10. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph.

  11. Defendants admit that the sale of insurance at issue in this case occurred in Montgomery County but denies that any acts were "wrongful".

  12. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph.

  13. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph. Defendants contend that there is federal court diversity jurisdiction in this civil action.

**FACTUAL ALLEGATIONS**

14. Admitted.

15. Defendants admit that McCafferty was the agent who sold Plaintiffs their policies and that Watkins serviced the policies after the sale. Defendants also admit that McCafferty was Watkins' supervisor at the time of the sale.

16. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph. The allegations are therefore denied.

17. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph. The allegations are therefore denied.

18. Defendants admit that Plaintiffs purchased flexible premium adjustable life insurance polices and rolled over the value from whole life policies. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained within this paragraph.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph. The allegations are therefore denied.

25. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in the first sentence of this paragraph. Defendants deny the remaining allegations of this paragraph.

26. Defendants admit that annual policy statements were provided to policyholders and deny the remaining allegations contained within this paragraph.

27. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph. The allegations are therefore denied.

28. Defendants admit that Plaintiffs received documents from KCL in April 2005 and by letter dated June 29, 2005. The documents speak for themselves. The remaining allegations in this paragraph are denied.

29. Denied.

## COUNT I - MISREPRESENTATION

30. Defendants incorporate their responses to the preceding paragraphs.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph. The allegations are therefore denied.

36. Denied.

### COUNT II – FRAUDULENT SUPPRESSION

37. Defendants incorporate their responses to the preceding paragraphs.

38. Denied.

39. Denied.

40. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph. The allegations are therefore denied.

41. Denied.

42. Denied.

### COUNT III – BREACH OF FIDUCIARY DUTY

43. Defendants incorporate their responses to the preceding paragraphs.

44. Defendants admit that the agent Defendants sold life insurance to Plaintiffs and assisted them in life insurance matters. The remaining allegations in this paragraph are denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

### COUNT IV - NEGLIGENCE

49. Defendants incorporate their responses to the preceding paragraphs.

50. Admitted.

51. Denied.

### COUNT V - WANTONESS

52. Defendants incorporate their responses to the preceding paragraphs.

53. Admitted.

54. Denied.

55. Defendants admit that Plaintiffs are asserting a claim for punitive damages, but deny that they are entitled to recover punitive damages.

### COUNT VI – NEGLIGENT AND/OR WANTON SUPERVISION

56. Defendants incorporate their responses to the preceding paragraphs.

57. Admitted.

58. Denied.

59. Denied.

60. Denied.

### COUNT VII – CONSPIRACY TO DEFRAUD

61. Defendants incorporate their responses to the preceding paragraphs.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

Defendants deny the unnumbered paragraph entitled "WHEREFORE, PREMISES CONSIDERED." Defendants deny that they are liable to the Plaintiffs in any form or that the Plaintiffs are entitled to any damages.

This the 27th day of December, 2005.

DEFENDANTS REQUEST TRIAL BY STRUCK JURY.

Respectfully Submitted,

/s/ Donald R. Jones, Jr.
Donald R. Jones, Jr.
ATTORNEY FOR
KANSAS CITY LIFE INSURANCE, f/k/a
GUIDEONE LIFE INSURANCE COMPANY
f/k/a PREFERRED RISK LIFE INSURANCE COMPANY
GUIDEONE INSURANCE COMPANY, ANNE F. WATKINS, and JIM MCCAFFERTY

OF COUNSEL:
Donald R. Jones, Jr., P.C.
2000 Interstate Park Drive
Suite 104
Montgomery, AL 36109
Telephone:   (334) 277-3939
Fax:         (334) 277-3772

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Lynn W. Jinks, III, Christina D. Crow, Nathan A. Dickson, II, JINKS, DANIEL & CROW, P.C. Post Office Box 350 Union Springs, Alabama 36089; Frank M. Wilson, P.C., P.O. Box 2389, Montgomery, Alabama 36102-2389

                    /s/ Donald R. Jones, Jr.
                    Donald R. Jones, Jr.