IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES A. SMITH et al.,                          )
                                                )
      Plaintiffs,                              )
                                                )
vs.                                             )     CASE NO. 2:05CV1198-MHT
                                                )
KANSAS CITY LIFE INSURANCE CO., et al.,         )
                                                )
      Defendants.                              )
                                                )
                                                )

## BRIEF IN SUPPORT OF MOTION TO REMAND

This matter is currently presented to the Court on Plaintiffs' Motion to Remand. Defendants filed a Notice of Removal contending that this Court has jurisdiction by reason of diversity of citizenship. Defendants do not argue that any of Plaintiffs' claims arise under federal law. Plaintiffs do not dispute that the amount in controversy substantially exceeds $75,000. The sole issue presented is whether the Alabama resident defendant has been fraudulently joined. The Motion to Remand must be granted because Defendants have failed to meet their burden of showing that there is no possibility Plaintiffs could state a valid claim against the resident Defendant.

## STATEMENT OF FACTS

Plaintiffs James and Jeanette Smith are resident citizens of Alabama. (Complaint ¶ 1). Defendant Anne Watkins is also a resident citizen of Alabama, (Complaint ¶ 7 and Watkins Affidavit ¶ 4) though no other Defendant is an Alabama resident (Defendant's Notice of Removal). Defendant Watkins signed as the agent for the life insurance

purchases made the subject of this lawsuit.  (Watkins Affidavit ¶ 5, Plaintiff's Exhibits A and B).

The Smiths' complaint alleges the following things.   In 1991 Defendants approached the Smiths regarding the purchase of life insurance, new insurance for Jeanette and replacement insurance for James who had two policies that had already built up substantial cash value.   The Smiths relied on the Defendants' expertise and representations in selecting the policies in question.  The insurance the Smiths purchased is risky and ill-suited for their stage in life, replacing James' then-existing whole-life policies was to his detriment, and the Defendants knew or should have known all of this and acted wrongfully in not disclosing this to the Plaintiffs and generally in procuring the policies.

Though all presale discussion appears to have occurred between the Smiths and Jim McCafferty, Defendant Watkins signed and was credited as the soliciting agent. Thus the Plaintiffs make claims of Fraudulent Suppression, Negligence, and Wantonness against the in-state Defendant Watkins.

## ARGUMENT

**The Plaintiffs have made several genuine claims against Defendant Watkins, and therefore she has not been fraudulent joined.**

*The burden for proving fraudulent joinder is a heavy burden that rests on the Defendants.*

The burden of establishing federal jurisdiction is on the party seeking removal. Because removal raises significant federalism concerns, it must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).  "Federal courts are courts of limited jurisdiction."   Burns v. Windsor Ins. Co., 31 F. 3d 1092, 1095 (11th Cir. 1994)

(citing Caterpillar, Inc., v. Williams, 482 U.S. 386 (1987); Insigna v. LaBella, 845 F. 2d 249, 253-54 (11th Cir. 1988);   All doubts [and uncertainties] about federal jurisdiction must be resolved in favor of remand to the state court." Johnson Indus. v. Millican & Co., 45 F. Supp. 2d 1308, 1311 (M.D. Ala. 1999) (Dement, J.) (quoting Seroyer v. Pfizer, Inc., 991 F. Supp 1308, 1312 (M.D. Ala. 1997).

Defendants base removal jurisdiction solely on diversity of citizenship on account of fraudulent joinder of Defendant Watkins.  It is undisputed that Defendant Watkins is a resident of Alabama.   The Motion to Remand must therefore be granted unless Defendants can show that Plaintiffs fraudulently joined Defendant Watkins.

In *Crow v. Coleman*, 113 F.3d 1536 (11th Cir. 1997), the Eleventh Circuit Court of Appeals thoroughly addressed the issue of fraudulent joiner.  There the court stated, "the removing party has the burden of proving that either: 1.) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or 2.) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* at 1538, citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).   Defendants allege only the first set of circumstances and must prove that none of Plaintiffs' claims possibly establish a cause of action against Defendant Watkins.

In establishing fraudulent joinder, "The burden of the removing party is a 'heavy one.'" *Crow*, 113 F.3d at 1538, quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).  The court in *Crow* went on to detail the heavy burden of proving fraudulent joinder and the District Court standard for remand: "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crow*, 113 F.3d at 1538.  This determination is

based on primarily on the Plaintiffs' pleadings at the time of removal.  *Id.*  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  *Id.* quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983).  Thus, the appropriate District Court inquiry is limited and gives some deference to Plaintiffs.

> In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims.  Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudlulent.

*Id.* at 1542.  The heavy burden detailed above and the apparent deference to Plaintiffs is warranted because "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination."  *Id.* at 1538, quoting *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).

Defendant Watkins has not been fraudulently joined and cannot meet the heavy burden set out above.  Defendants have not even attempted to state reasons why any of Plaintiffs' claims are fraudulently joined other than to say summarily that all of Plaintiffs' claims deal with the sale of the policies and someone other than Defendant Watkins had all pre-sale discussions with the Plaintiffs.  The fact that Watkins did not speak with the Smiths might be decisive if the Smiths were claiming misrepresentation by Watkins, but it in no way precludes Plaintiffs' other causes of action that they have asserted against Watkins.  To the contrary, Watkins failure to advise the Smiths strengthens Plaintiffs' claims against her.  As set out below, Alabama tort law and Plaintiffs' factual allegations and claims against Defendant Watkins give rise to valid state-law causes of action against

Watkins.  At the very least, there exists at least one valid claim by the Plaintiffs against

Defendant Watkins.  Accordingly, Plaintiffs are free to pursue their claims in state court

and remand is proper in the present case.

> ***Plaintiffs state valid claims of Fraudulent Suppression against Defendant***
> ***Watkins***

Plaintiffs state valid claims of Fraudulent Suppression against Defendant Watkins.

Alabama Code §6-5-102 (1975), states, "Suppression of a material fact which the party is

under an obligation to communicate constitutes fraud. The obligation to communicate

may arise from the confidential relations of the parties or from the particular

circumstances of the case." The Alabama Supreme Court recently discussed in detail the

elements of Fraudulent Suppression in *Freightliner, L.L.C. v. Whatley Contract Carriers,*

*L.L.C.*, No. 1040055, 2005 Ala. LEXIS 178, (Ala. Oct. 21, 2005).  "The elements of a

suppression claims are '1). A duty on the part of the defendant to disclose facts; 2.)

concealment or nondisclosure of material facts by the defendant; 3.) inducement of the

plaintiff to act; 4.) action by the plaintiff to his or her injury.'" *Id.* at *21 quoting *Lambert*

*v. Mail Handlers Benefit Plan*, 682 So.2d 61, 63 (Ala. 1996).  The Court quoted

*Armstrong Business Servs., Inc. v. AmSouth Bank*, 817 So.2d 665, 676-77 (internal

citation omitted), in setting out the factors to be considered:

> The trial court must consider and apply the following factors in
> determining whether, under the particular circumstances, a duty to disclose
> exists: '(1) the relationship of the parties; (2) the relative knowledge of the
> parties; (3) the value of the particular fact; (4) the plaintiffs' opportunity to
> ascertain the fact; (5) the customs of the trade; and (6) other relevant
> circumstances.

*Id.* at *21-22. The Court has further stated, "Each case must be individually evaluated to

determine whether a duty to disclose exists." *Lambert*, 682 So.2d at 63.  It is clear from

both the statutory and case law that the inquiry is individualistic and will vary with the

surrounding circumstances. It is also clear that a balancing of factors is required, all of which weigh against Defendant Watkins in the present case or at least create a genuine issue of fact for state court determination.

The Alabama Supreme Court has held that Fraudulent Suppression can occur in the insurance agent context. In *Ex parte Liberty Nat'l Life Ins. Co.*, 797 So. 2d 457 (Ala. 2001), the selling agent was alleged to have churned the Plaintiffs' life insurance policies by going to her home to collect premiums periodically, not collecting premiums to let the policies lapse, and then returning to sell the Plaintiff another policy. There the Court found the selling agent had a duty to disclose that the Plaintiff could reinstate her old policies by making a premium payment before selling her a new policy.

In the present case, valid claims are made for Fraudulent Suppression against Defendant Watkins. Watkins, though not the person who described the policies to the Smiths, nevertheless interjected herself into the transaction and signed as the soliciting agent. Watkins received credit for soliciting the sale and was recognized by the other Defendants as having made the sale. She is alleged to have received some benefit from the transaction. Further, because Watkins signed the applications, it appears she had an opportunity to disclose to Plaintiffs that the transaction was not in their best interest prior to submitting their applications yet did not do so. Plaintiffs have alleged that as the selling agent, Watkins had a duty to disclose to Plaintiffs facts material to their decision to purchase these insurance policies, namely that the policies might not last their entire lives based on the initial premiums and that rolling over the existing whole life policy was not in their best interest. Plaintiffs allege and Watkins even admits that she did not disclose the facts to them. Plaintiffs allege they would not have purchased the policies had they known these facts and that they have been damaged as a result.

6

In analyzing the Complaint and factors the Alabama Supreme Court uses for determining if there is a duty to disclose, it is also clear that Plaintiffs are justified in alleging Watkins had a duty of disclosure: 1.) "The relationship of the parties" has been discussed above; Watkins interjected herself into the transaction and was credited as the selling agent. (Watkins Affidavit). As such she had the opportunity and duty to review the transaction and determine if it was going to be to the Plaintiffs' detriment. 2.) "The relative knowledge of the parties" also weighs against Watkins, an insurance agent, versus the Plaintiffs, who were relying on the knowledge of others; 3.) "The value of the particular fact" is significant: Plaintiffs allege they were told that rolling over James' whole life policies into a flexible premium adjustable life policy was in his best interest and that the premiums for both his and her policies would remain constant and the death benefit would be available to them no matter how long they lived. As is alleged in the complaint, the opposite is true for both policies and the Plaintiffs needed to know this. 4.) The Plaintiffs allege they could not have learned the transaction was to their detriment, and 5.) common experience tells us the "custom of the trade" is to ensure that customers are accurately and well-informed about their life insurance decisions. It seems clear, and is certainly arguable under the Fraudulent Joinder standard, that under Alabama law Watkins had a duty of disclosure to Plaintiffs, that she chose to completely ignore that duty and have no discussion with Plaintiffs, the Plaintiffs were induced to act being without the relevant information, and the transaction was to their detriment. Thus all elements of a valid cause of action against Watkins for Fraudulent Suppression have been met. As such, remand of this action is warranted.

*Plaintiffs have valid claims of Negligence and Wantonness against Defendant Watkins*

For many of the same reasons listed above, Plaintiffs also have a valid cause of action for negligence and wantonness against Defendant Watkins. "The elements required for recovery under a negligence theory are: (1) duty, (2) breach of duty, (3) proximate cause, and (4) injury." *Albert v. Sui-Yean Hsu*, 602 So. 2d 895, 897 (Ala. 1992). "'Wantonness' has been defined by this Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result…To prove wantonness, it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff." *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998) (internal citation omitted).

It is well settled law in Alabama that if an insurance agent undertakes to obtain for an insured a particular type of policy, and fails to do so, she may be held liable for her negligence.

> When an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom. *Montz v. Mead & Charles, Inc.*, 557 So. 2d 1 (Ala. 1987). Once the parties have come to an agreement on the procurement of insurance, the agent or broker must exercise reasonable skill, care, and diligence in effecting coverage.

*Lewis v. Roberts*, 630 So. 2d 355, 357 (Ala. 1993). See also *Highlands Underwriters Insurance Company v. Elegante Ins., Inc.*, 361 So. 2d 1060 (Ala. 1978); *Washington National Insurance Company v. Strickland*, 491 So.2d 872 (Ala. 1985).

Here Watkins, as the "soliciting agent," undertook to obtain for the Plaintiffs life insurance policies that would last their entire lives with the level premiums called for in the policies. She failed to do this. The fact that the other Defendants also made this

undertaking does not excuse Watkins. She, too, had a full duty of disclosure and professional competence. See ALA. INS. DEP. REG. 64, 70 (2002).

Watkins admits that she was credited as the selling agent and she signed the policy as the agent. She further admits that she never met with, spoke to, or in any way advised the Smiths about the policies they were purchasing. Regardless of who actually did have the presale contact with Plaintiffs, as the selling agent, Watkins had a duty to the insureds in advising them in connection with purchasing life insurance. She breached that duty by making no attempt to advise them or speak with them though she willingly accepted the label of the soliciting agent and is alleged in the Complaint to have benefited from doing so. As a proximate result of her negligence and/or wantonness, the Plaintiffs have been damaged as alleged in the Complaint. As such, Plaintiffs state valid state-law claims of negligence and wantonness against Defendant Watkins. At the very least, under the deferent Fraudulent Joinder standard, the claims of negligence and wantonness are valid and Plaintiffs cannot be said to have fraudulently joined Watkins in this suit. Accordingly, remand of this action is appropriate.

### CONCLUSION

Defendants cannot meet the heavy burden of proving fraudulent joinder in this case because Defendant Watkins was not fraudulently joined. Watkins interjected herself into this sale and is alleged to have benefited financially from it. She admits she was credited with selling the Smiths their policies and further admits she signed the applications as the soliciting agent. This lawsuit is about the Plaintiffs being deceived into purchasing the very policies Watkins is credited with soliciting. Indeed if Watkins is dismissed as being fraudulently joined, it seems logical that all the other Defendants will seek to direct responsibility toward her empty chair as she is credited by the other

Defendants as selling the policies at issue in this case. The Defendants simply cannot have it both ways: they cannot credit her as having made the sale and then say she is fraudulently joined because she did not make the sale. Absent an allegation of fraud by the other Defendants against Watkins, they should be estopped from asserting now that she was not the selling agent for the transaction and is fraudulently joined.

Considering the standard for Fraudulent Joinder, the undisputed facts, Alabama tort law, and the Plaintiffs' Complaint, this case is due to be remanded to state court. As Judge Carroll has noted, "our Court of Appeals recently counseled lower courts to exercise restraint when evaluating the viability of a claim under the fraudulent joinder analysis, in deference to the plaintiff's 'right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination.'" Gray v. H.A.S., 18 F. Supp. 2d 1320, 1323 (M.D. Ala. 1998) (citing Crow v. Coleman, 113 F. 3d 1536, 1538 (11th Cir. 1997) (quoting Parks v. The New York Times Co., 308 F. 2d 474, 478 (5th Cir. 1962).

Plaintiffs clearly have at least plausible claims of fraudulent suppression, negligence and wantonness against Defendant Watkins under the Fraudulent Joinder standard. In viewing the factual allegations in the light most favorable to Plaintiffs and resolving any uncertainties about state law in favor of Plaintiffs, *Crow*, 113 F.3d 1536, 1538, it is clear the claims are not "obviously fraudulent or frivolous." *Id.* at 1542. Because there is at the very least the "possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* at 1538. It simply cannot be said, under the circumstances of the present case, that it is impossible

the Plaintiffs could prevail against Defendant Watkins on any count in state court.  Thus remand is proper in this case because the in-state defendant was not fraudulently joined.

For the reasons explained above, Plaintiff's Motion to Remand is due to be granted.

                                    /s/ Nathan A. Dickson, II
                                    FRANK M. WILSON (WIL125)
                                    LYNN W. JINKS, III (JIN002)
                                    CHRISTINA D. CROW (CRO064)
                                    NATHAN A. DICKSON, II (DIC031)
                                    ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

FRANK M. WILSON, P.C.
P.O. Box 2389
Montgomery, AL  36102-2389
(334) 263-2560

JINKS, DANIEL & CROW, P.C.
P.O. Box 350
Unions Springs, AL  36089
(334) 738-4225

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing same in the United States Mail, properly addressed and first class postage prepaid, on this the 12th day of January, 2006.

/s/ *Nathan A. Dickson, II*
OF COUNSEL

**Attorney for Defendants**

Donald R. Jones, Jr., P.C.
Attorney at Law
2000 Interstate Park Drive
Suite 104
Montgomery, AL 36109

# to PREFERRED RISK LIFE INSURANCE COMPANY, Executive Office, West Des Moines, Iowa 50265

**INDIVIDUAL Policy**

**1—1. Full Name (Print)** James Arthur Smith
(If married woman, show maiden name in parentheses)

Single ☐  Married ☒  Widowed ☐  Divorced ☐  Separated ☐

Mailing Address 3457 East St.
City Montgomery  State AL.  Zip Code 36110

**2. Birthplace?** / **Birthdate?** / Ins. Age? / Sex? / Height? / Wt.?

| State | Mo. | Day | Yr. | Ins. Age? | Sex? | Ft. | In. | Lbs. |
|---|---|---|---|---|---|---|---|---|
| AL | 11 | 11 | 40 | 50 | M | 6 | — | 200 |

**3. Employer?** Jackson Hos.
Occupation? Maintenance
Duties? Maintenance

**4. Social Security Number:** 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

**10. Insurance Applied For?** Life Plan: U.L.  Amount $50,000
(If Universal Life, what Death Benefit? Option 1 ☒ or Option 2 ☐)
Term Rider: _____ Amount $_____
Annuity Plan: _____ Amount $_____
Disability Income Plan: _____ Amount $_____
Earned Income: $_____ (For Disability Income Plans Only)
Automatic Premium: Loan (Not UL or Term) ☐ Yes ☐ No

**Additional Benefits:**

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| Cost of Living (UL Only) | ☒ | ☐ | Family Plan (Not UL) | ☐ | ☒ |
| Waiver of Premium/Deduction | ☒ | ☐ | Children's Term | ☐ | ☒ |
| Accidental Death Benefit | ☐ | ☒ | Guaranteed Insurability | ☐ | ☒ |
| ADB Amount? _____ | | | Juvenile Payor Benefit | ☐ | ☒ |

Other Requests? 50.00

**11. Premium quoted?** $ 50.00  Amt. Pd.? $ 27.33
ANN ☐  S-A ☐  QTR ☐  PAC ☒  Other ☐  Receipt Issued ☒

**12. Beneficiaries?** Please print full names

| | Relationship | Age |
|---|---|---|
| First  Jeanette Smith | Wife | 49 |
| Contingent  Jan M. Grandalski | Daughter | 25 |
|  Joy L. Campbell | Daughter | 22 |

a. Contingent Beneficiaries share and share alike, survivors or survivor? Yes ☒ No ☐
b. Include future children of present marriage Yes ☐ No ☒

**13. Present life and disability insurance**

| Co. and Issue Year | Life | Acci. De... | Mo. Income |
|---|---|---|---|
| P.R. Risk | $6,000 | $ | $ |

|  | Yes | No |
|---|---|---|
| **5. a.** Any past, present, or expected aviation activities | ☐ | ☒ |
| **b.** Any past, present, or expected rodeo, skin diving, sky diving activities, or racing, testing or stunt driving of automobiles, motorcycles, motor boats, snowmobiles or airplanes? (If yes to a or b above, attach completed questionnaire.) | ☐ | ☒ |
| **6.** Do you now use alcoholic beverages in any form? | ☐ | ☒ |
| **7.** Have you ever been treated for alcoholism, drug use, used drugs or alcohol to excess or been arrested for possession, sale or use? | ☐ | ☒ |
| **8. a.** Do you use tobacco in any form? | ☐ | ☒ |
| **b.** If prior use, how long since stopped? | | |
| **9.** Will this policy replace any existing insurance or annuities in force in this or any other company? P. Risk - See Back | ☒ | ☐ |

**NON-MEDICAL LIMITS—**(Include face amount of any riders and business in force with Preferred Risk) 15 days to 35 years—$150,000; 36 to 40 years—$100,000; 41 to 45 years—$50,000; 46 to 50 years—$25,000; 51 up needs physical.  Is Physical Arranged  Yes ☒  No ☐

**PART II**  Has proposed insured:

| | YES | NO |  |
|---|---|---|---|
| **1.** Had medical, surgical or other treatment or advice in past 5 years? | ☐ | ☒ | IF YES, GIVE FULL DETAILS—AILMENTS; DATES; PHYSICIAN'S NAMES, ADDRESSES; OTHER COMPANIES, ETC. |
| **2.** Ever had an operation or blood transfusion; or has operation, restricted diet, use of heart, blood pressure or diabetes medication been advised? | ☐ | ☒ | |
| **3.** Ever had, been diagnosed as having, or does proposed insured now have: | | | |
| a. Disease or disorder of | | | |
| 1) Lungs, bronchi; tuberculosis; exposure to tuberculosis; asthma? | ☐ | ☒ | |
| 2) Heart, blood, blood vessels; high or low blood pressure, murmer? | ☐ | ☒ | |
| 3) Esophagus, stomach, intestines, liver, gall bladder, rupture? | ☐ | ☒ | |
| 4) Brain, nervous system; paralysis; convulsions; mental disorder? | ☐ | ☒ | |
| 5) Back; muscles, bones, joints, limbs; rheumatism; arthritis? | ☐ | ☒ | |
| 6) Kidneys, ureters, bladder, reproductive organs? | ☐ | ☒ | |
| 7) Throat, lungs, bronchial tubes, spitting of blood, frequent or persistent cough? | ☐ | ☒ | |
| b. If proposed insured is a woman—1) Complications of pregnancy? | ☐ | ☒ | |
| 2) Is proposed insured pregnant? | ☐ | ☒ | |
| c. Cancer; a growth; diabetes; impaired sight, hearing; syphilis? | ☒ | ☐ | 3C- Reading Glasses |
| d. Acquired Immune Deficiency Syndrome, any immune disorder, or related condition? | ☐ | ☒ | |
| e. Are you currently taking any prescription medication? (If yes give details) | ☐ | ☒ | |
| f. Any other impairment, sickness, injury in past 5 years? | ☐ | ☒ | |
| **4.** A history in parents, brothers or sisters of: | | | |
| a. Mental illness, cancer, coronary disease, diabetes, a stroke? | ☐ | ☒ | |
| b. Death before age 60? (Relationship? Age? Cause of death?) | ☐ | ☒ | |
| **5.** Ever received sickness or injury benefits, compensation, pension? | ☐ | ☒ | |
| **6.** Ever had insurance refused, postponed, rated or limited? | ☐ | ☒ | |

PREFERRED RISK
APR 02 1991
LIFE INSURANCE

PLAINTIFF'S EXHIBIT
A
tabbies

**7.** Usual physician Philip Robinson
Address 1235 Forest Ave  Phone 262-0312
Montgomery, AL.

IT IS AGREED:  1) All statements in this application, which includes pages 2 and 3 if applicable, are, so far as I (we) know and believe, complete and true; 2) the Company is not bound by any statement not written in this application; 3) no agent can accept risks, modify policies, or waive any rights or requirements of the Company; 4) unless otherwise provided in a conditional receipt bearing the date of this application, no liability exists until a policy is accepted and the premium paid while, to the best knowledge and belief of the applicant; A) the health and occupations of all persons proposed for health coverage are as described in this application; or B) all persons proposed for coverage under a life policy are still living and in good health.

I hereby authorize any licensed physician, medical practitioner, hospital, clinic or other medical related facility, insurance company, the Medical Information Bureau or other organization, institution or person, that has any records or knowledge of me or my health, to give to the Preferred Risk Life Insurance Company, or its reinsurers, any such information. A photographic copy of this authorization shall be valid as the original. I acknowledge receipt of the Notice To Applicant—parts one and two.

X James A. Smith  Date Signed 3/26/91
Applicant (owner unless otherwise specified)

Montgomery, AL
City and State where signed

Proposed Insured (if other than Applicant)

_____  Proposed Payor (if other than Owner)

Anna L. Watkins  Soliciting Agent  Code 1989

**Nº 219432 -Q**

1. Full Name (Print) JEANETTE SMITH
   (If married woman, show maiden name in parentheses)

Single ☐  Married ☒  Widowed ☐  Divorced ☐  Separated ☐

Mailing Address 3451 EAST ST.

City Montgomery  State AL  Zip Code 36110

2. Birthplace?

| State | Mo. | Day | Yr. | Ins. Age? | Sex? | Ft. | In. | Lbs. |
|---|---|---|---|---|---|---|---|---|
| AL | 10 | 11 | 41 | 49 | F | 5 | 9 | 170 |

Birthdate? / Ht.? / Wt.?

3. Employer? St. of AL.
   Occupation? Auditor
   Duties?

4. Social Security Number: 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

| | Yes | No |
|---|---|---|
| 5. a. Any past, present, or expected aviation activities . . . . . . . . | | ☒ |
| b. Any past, present, or expected rodeo, skin diving, sky diving activities, or racing, testing or stunt driving of automobiles, motorcycles, motor boats, snowmobiles or airplanes? . . . . (If yes to a or b above, attach completed questionnaire.) | | ☒ |
| 6. Do you now use alcoholic beverages in any form? . . . . . . . . . | | ☒ |
| 7. Have you ever been treated for alcoholism, drug use, used drugs or alcohol to excess or been arrested for possession, sale or use? | | ☒ |
| 8. a. Do you use tobacco in any form? . . . . . . . . . . . . . . . . . . . . | | ☒ |
| b. If prior use, how long since stopped? . . . . . . . . . . . . . . . . | | |
| 9. Will this policy replace any existing insurance or annuities in force in this or any other company? . . . . . . . . . . . . . . . . . . . . . . . | | ☒ |

10. Insurance Applied For? Life Plan: U.L.    Amount $ 20000
    (If Universal Life, what Death Benefit? Option 1 ☒ or Option 2 ☐)
    Term Rider: ___ Amount $ ___
    Annuity Plan: ___ Amount $ ___
    Disability Income Plan: ___ Amount $ ___
    Earned Income: $ ___ (For Disability Income Plans Only)
    Automatic Premium: Loan (Not UL or Term) ☐ Yes ☐ No
    Additional Benefits: YES  NO                        YES NO
    Cost of Living (UL Only)            ☐ ☒   Family Plan (Not UL)    ☐ ☒
    Waiver of Premium/Deduction   ☒ ☐   Children's Term          ☐ ☒
    Accidental Death Benefit           ☒ ☐   Guaranteed Insurability  ☐ ☒
    ADB Amount? ___                            Juvenile Payor Benefit    ☐ ☒
    Other Requests?

11. Premium quoted? $ 31.00    Amt. Pd.? $ 31.00
    ANN ☐  S-A ☐  QTR ☐  PAC ☒  Other ☐  Receipt Issued ☐

12. Beneficiaries:    Please print full names    Relationship  Age

| | Name | Relationship | Age |
|---|---|---|---|
| First | James A. Smith | Husband | 50 |
| Contin-gent | Jan M. Grandalski | Daughter | 25 |
| | Joy L. Campbell | Daughter | 22 |

a. Contingent/Beneficiaries share and share alike, survivors or survivor? . . . . . . . . . . . . . . . Yes ☒  No ☐
b. Include future children of present marriage . . . . . . Yes ☐  No ☒

13. Present life and disability insurance

| | Co. and Issue Year | Life | Acci. Death | Mo. Income |
|---|---|---|---|---|
| | Met. J.W.L | $10,000 | $ | $ |

NON-MEDICAL LIMITS—(Include face amount of any riders and business in force with Preferred Risk) 15 days to 35 years—$150,000; 36 to 40 years—$100,000; 41 to 45 years—$50,000; 46 to 50 years—$25,000; 51 up needs physical.  Is Physical Arranged  Yes ☒  No ☐

PART II    Has proposed insured:

| | YES | NO |
|---|---|---|
| 1. Had medical, surgical or other treatment or advice in past 5 years? | | ☒ |
| 2. Ever had an operation or blood transfusion; or has operation, restricted diet, use of heart, blood pressure or diabetes medication been advised? . . . . | ☒ | |
| 3. Ever had, been diagnosed as having, or does proposed insured now have: | | |
| a. Disease or disorder of | | |
| 1) Lungs, bronchi; tuberculosis; exposure to tuberculosis; asthma? | | ☒ |
| 2) Heart, blood, blood vessels; high or low blood pressure, murmer? | | ☒ |
| 3) Esophagus, stomach, intestines, liver, gall bladder, rupture? | | ☒ |
| 4) Brain, nervous system; paralysis; convulsions; mental disorder? | | ☒ |
| 5) Back; muscles, bones, joints, limbs; rheumatism; arthritis? | | ☒ |
| 6) Kidneys, ureters, bladder, reproductive organs? | ☒ | |
| 7) Throat, lungs, bronchial tubes, spitting of blood, frequent or persistent cough? | | ☒ |
| b. If proposed insured is a woman—1) Complications of pregnancy? . . . . | | ☒ |
| 2) Is proposed insured pregnant? | | ☒ |
| c. Cancer; a growth; diabetes; impaired sight, hearing; syphilis? | ☒ | |
| d. Acquired Immune Deficiency Syndrome, any immune disorder, or related condition? | | ☒ |
| e. Are you currently taking any prescription medication? (If yes give details) | ☒ | |
| f. Any other impairment, sickness, injury in past 5 years? | | ☒ |
| 4. A history in parents, brothers or sisters of: | | |
| a. Mental illness, cancer, coronary disease, diabetes, a stroke? | | ☒ |
| b. Death before age 60? (Relationship? Age? Cause of death?) . . . . . . . | | ☒ |
| 5. Ever received sickness or injury benefits, compensation, pension? . . . . | | ☒ |
| 6. Ever had insurance refused, postponed, rated or limited? . . . . . . . . . . | | ☒ |

YES, GIVE FULL DETAILS—AILMENTS; DATES; PHYSICIAN'S NAMES, ADDRESSES; OTHER COMPANIES, ETC.

2. - Malignant Pol. - Removed From Colon 10/1984
- Baptist Hos. S. Blvd MTG, AL.
- Dr. David Dunn Baptist Towers MTG, AL.

1979 - Hysterectomy - Dr. David Dunn

3.c. - Impaired Sight
Premarin? - Hormone .625 MG 25.00 charge

PREFERRED RISK
APR 02 1991
LIFE INSURANCE

7. Usual physician Dr. David Dunn
   Address 2055 East South Blvd Baptist Towers Phone 288-3315 MTG. AL.

IT IS AGREED:  1) All statements in this application, which includes pages 2 and 3 if applicable, are, so far as I (we) know, true;
2) the Company is not bound by any statement not written in this application; 3) no agent can accept risks, modify policies ___ of the Company; 4) unless otherwise provided in a conditional receipt bearing the date of this application, no liability exists until ___ paid while, to the best knowledge and belief of the applicant; A) the health and occupations of all persons proposed for hea___ application; or B) all persons proposed for coverage under a life policy are still living and in good health.
I hereby authorize any licensed physician, medical practitioner, hospital, clinic or other medical related facility, insurance com___ its or other organization, institution or person, that has any records or knowledge of me or my health, to give to the Preferred ___ reinsurers, any such information. A photographic copy of this authorization shall be valid as the original. I acknowledge receipt of the Notice To Applicant—parts one and two.

X Jeanette H. Smith
Applicant (owner unless otherwise specified)

Spouse (if Family Plan or Joint Life)

3/26/91
Date Signed

Montgomery AL.
City and State where signed

Proposed Payor (if other than Owner)

___ Williams  1-989
Soliciting Agent  Code

PLAINTIFF'S EXHIBIT
B
tabbies

№ 219433 -Q