IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES A. SMITH et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CASE NO. 2:05-cv-1198-MKW |
| | ) |
| KANSAS CITY LIFE INSURANCE CO., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND**

**INTRODUCTION**

This matter is currently presented to the Court on Plaintiffs' Motion to Remand. Plaintiffs will reply briefly to Defendants' Response in Opposition to Remand.

The Defendants cannot carry the heavy burden of proving no possible cause of action exists by the Plaintiffs against Defendant Watkins and that she was fraudulently joined. This case is about the Defendants selling the Smiths life insurance policies that were not what they requested or what they were told they were getting. Defendant Watkins was the selling agent for these insurance policies. As such, she had duties to the Smiths she did not fulfill. Never meeting the Smiths does not somehow change her duties as the selling agent. Through her actions and inaction, she suppressed information from the Smiths and acted at the very least negligently.

As alleged in the Complaint, nothing in the policies at issue would have alerted the Smiths that their policies might lapse based on the original premiums or replacing

James' existing policy with the new policy was to his detriment. They were only made aware of these things when they received a letter from the Defendants some years later. The Smiths filed this lawsuit within two years of receiving this letter and within the tolled Statute of Limitations. The Statute of Limitations issues are the same regarding all Defendants. Like all issues before this court, these are ultimately questions of fact properly decided by the trier of fact.

Viewing the facts and any uncertainties in the law in the light most favorable to the Plaintiffs, it appears clear that Plaintiffs have at least a possible cause of action against Defendant Watkins, and remand is proper. Plaintiffs did not fraudulently join Defendant Watkins; she inserted herself into the transaction made the basis of this lawsuit.

## ARGUMENT

***The Fraudulent Joinder Standard is Deferent to Plaintiffs and the Inquiry is Limited in Scope.***

The Defendants bear the burden of proving fraudulent joinder, and "[t]he burden of the removing party is a heavy one." *Crow v. Coleman*, 113 F.3d 1536 (11th Cir. 1997)(internal citation and quotation omitted). In seeking to prove fraudulent joinder, Defendants have urged the court to decide part of this case on the merits with what is far from a complete record. "In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims…[T]he district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent." *Id.* at 1542. Further, factual allegations and uncertainties about state law must be viewed in the light

most favorable to Plaintiffs. *Id.* at 1538. Because the Federal courts have limited jurisdiction, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

***The Smiths Fraudulent Suppression Claims Against Watkins are Valid, and at the Very Least, Arguable.***

<u>Watkins had a Duty of Disclosure to Plaintiffs.</u>

Fraudulent Suppression requires showing: "(1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury." *Lambert v. Mail Handlers Benefit Plan*, 682 So. 2d 61, 63 (Ala. 1996).

In upholding the trial court determination that a duty of disclosure existed by an insurance agent to the insured, the Alabama Supreme Court stated the following about the duty of disclosure:

> The existence of a duty to disclose depends on the relationship of the parties, the value of the particular facts suppressed, and the relative knowledge of each party. Where the defendant has superior knowledge of the suppressed fact and the defrauded party has been induced to take action that otherwise might not have been taken, the obligation to disclose is particularly compelling.

*Ex parte Liberty Nat'l Life Ins. Co.*, 797 So. 2d 457, 465 (Ala. 2001)(internal citations and quotations omitted). Defendant Watkins was the selling agent for the policies at issue in this case. As such, she had a duty to disclose to Plaintiffs how their policies would work. She also had a duty to make sure James was fully informed about replacing

his existing life insurance and that doing so was not in his best interest. The fact that someone else may have also undertaken this duty does not remove the duty of Watkins, the selling agent, to make sure the insureds were fully informed. As stated in the Complaint, the Smiths were left in the dark about the true nature of their policies and that James would have been better off not replacing his existing coverage. For years they paid for these policies that, unknowable to them, were going to lapse at their scheduled premiums. They were robbed of the opportunity to purchase adequate and more appropriate insurance during the years prior to Defendants informing them their policies could lapse. Watkins signed the Smiths' applications as the selling agent and in all likelihood received a portion of the Smiths' premiums as commission. With the benefits of being the selling agent come the burdens and duties as well. It simply cannot be said that no possible cause of action exists for fraudulent suppression against the selling agent under these circumstances.

*There is no "Intent to Deceive" Element to Plaintiffs' Claims.*

Defendants cite *Crowder v. Memory Hill Gardens, Inc.*, 516 So.2d 602 (Ala. 1987), for the proposition that Plaintiffs must show a present intent on the part of Defendant Watkins to intentionally deceive Plaintiffs in this case and that Plaintiffs have not pled with specificity that Defendant Watkins intentionally deceived Plaintiffs. *Defendants' Response in Opposition* pg 8-9. Defendants' contention is completely without merit. First, Plaintiffs' Complaint meets the requirements for specificity regarding allegations of fraud, and the Complaint alleges intentional suppression pled in the alternative.

Second, there is no requirement of intent to deceive within §6-5-102 for Fraudulent Suppression. "Section 6-5-102 does not require proof of an intent to deceive; rather, a breach of the defendant's duty to disclose the suppressed facts is sufficient to trigger liability." *Baker v. Bennett*, 603 So. 2d 928, 935 (Ala. 1992)(overruled on other grounds). See also *Gary v. Kirkland*, 514 So. 2d 970, 972 (Ala. 1987); *Perry v. Household Retail Servs.*, 953 F. Supp. 1365, 1368 (M. D. Ala. 1996)(DeMent, J.); *Jewell v. Seaboard Indus.*, 667 So. 2d 653, 657-58 (Ala. 1995). Only in the absence of a duty to disclose does suppression require intent. *Jewell*, 667 So.2d at 657-58. *Crowder* has been cited repeatedly for the elements of Fraudulent Supression without any inclusion of an element of intent. No recent case has stated intent is required for Fraudulent Suppression where a duty to disclose exists. Indeed, recent cases have held to the contrary. See cases cited above.

*Plaintiffs Relied on All Defendants to Their Detriment.*

Defendants also contend the Smiths did not reasonably rely on Watkins' nondisclosures. Watkins was the selling agent. Her failure to inform Plaintiffs on how their policies worked and the detriment of replacing James' policy certainly induced Plaintiffs to go through with the purchase. The Plaintiffs were relying on all Defendants in this matter to act in their best interest. They were without sufficient information to know how these policies worked and nothing in the policies would have alerted them to the problems that would lie down the road for them.

*The Statute of Limitations Was Tolled Due to Lack of Information and the Smiths Being Continuously Misled by Defendants.*

Defendants also state the claims are barred by the Statute of Limitations. The Alabama Supreme Court has recently stated the following regarding fraud and the tolling of the statute:

> The statute of limitations for fraud claims is two years. However, the statute of limitations for a fraud claim does not begin to run until the fraud is discovered, or should have been discovered. The question of when a party discovered, or should have discovered, the fraud is a question for the jury. The question of when a plaintiff should have discovered the fraud is taken away from the jury and is decided as a matter of law only in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of the fraud. The statute of limitations is tolled as to a fraud claim if, after discovery of the fraudulent act and inquiry, the plaintiff is misinformed or falsely informed by the defendant and the plaintiff reasonably relies on the defendant's misrepresentation.

*Ex parte Ala. Farmers Coop., Inc.*, 911 So. 2d 696, 703 (Ala. 2004)(internal citations and quotations omitted). Plaintiffs allege that nothing in the policies could have possibly put the Smiths on notice of their potential claims against Defendants. To the contrary, all they were ever told and all information they received until April, 2005, misled the Smiths as to how the policies would perform long-term. Only in April, 2005, did the Smiths receive notice from Defendants that their policies might lapse before their deaths. As such, the Statute of Limitations was tolled and the claims are not time barred. Defendants' Statute of Limitations arguments are the same for all Defendants and are properly questions of disputed fact for the jury.

### *Plaintiffs Have Valid Negligence Claims Against Watkins as the Selling Agent.*[1]

The Smiths also have valid, and at least plausible, claims against Watkins for Negligence. First, Watkins, as the "soliciting agent," undertook to obtain for the Plaintiffs

---

[1] Because a finding of Wantonness will in all likelihood meet the threshold for Negligence, only Negligence is addressed in detail for Fraudulent Joinder purposes.

life insurance policies that would last their entire lives with the level premiums called for in the policies. She failed to do this. Defendants admit "Watkins undertook to obtain for the Smiths the policies they applied for," *Defendants' Response* pg 11, yet deny she failed to do this. This creates a question of fact to be decided by the trier of fact, making a finding of Fraudulent Joinder improper.

Second, Watkins admits that she never met with, spoke to, or in any way advised the Smiths about the policies they were purchasing yet signed the applications as their soliciting agent. Regardless of who actually did have the presale contact with Plaintiffs, as the selling agent, Watkins had a duty to the insureds in advising them in connection with purchasing life insurance. She breached that duty by making no attempt to advise them or speak with them. Defendants' claim that the selling agent can somehow make her duties to the customers disappear by not talking to them before submitting their applications is absurd.

## CONCLUSION

Throughout the first part of Defendants' Response they argue Watkins had nothing to do with the sale of the policies at issue in this case (e.g.: "Watkins had nothing to do with the issuance of the policies that are the subject of this lawsuit." *Defendants' Response* pg 1.) Yet in the denying the viability of the Negligence claims, Defendants contend "Watkins undertook to obtain for the Smiths the policies they applied for, and Watkins procured the policies that the Smiths applied for." *Defendants' Response* pg 11. Defendants simply cannot have it both ways whenever it is convenient for their argument to do so.

Defendant Watkins was made a part of this suit because she signed on to this transaction as the selling agent and had duties to the Smiths she failed to uphold. There are

7

claims against Watkins both for her action and inaction, which appears to be why Defendants say both she was and was not involved in the transaction. This shows further that the facts and issues arising out of claims against Watkins give rise to legitimate arguments on both sides that are not appropriately disposed of through a determination of Fraudulent Joinder. Given the deference afforded Plaintiffs under the Fraudulent Joinder standard, the Complaint, and the admissions of Defendant Watkins, it simply cannot be said in these circumstances that there are no possible claims for Fraudulent Suppression or Negligence against Defendnat Watkins.

For the reasons explained above and in Plaintiffs' Remand Brief, Plaintiffs' Motion to Remand is due to be granted.

                                                     /s/ *Nathan A. Dickson, II*
                                                     FRANK M. WILSON (WIL125)
                                                     LYNN W. JINKS, III (JIN002)
                                                     CHRISTINA D. CROW (CRO064)
                                                     NATHAN A. DICKSON, II (DIC031)
                                                     ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

FRANK M. WILSON, P.C.
P.O. Box 2389
Montgomery, AL 36102-2389
(334) 263-2560

JINKS, DANIEL & CROW, P.C.
P.O. Box 350
Unions Springs, AL 36089
(334) 738-4225

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing same in the United States Mail, properly addressed and first class postage prepaid, on this the 16th day of February, 2006.

                                      /s/ *Nathan A. Dickson, II*
                                      OF COUNSEL

**Attorney for Defendants**
Donald R. Jones, Jr., P.C.
Attorney at Law
2000 Interstate Park Drive
Suite 104
Montgomery, AL 36109